THADDEUS J. FOLEY, APPELLEE, V. WILLIAM M. HOLTRY, APPELLANT.

FILED JUNE 26, 1894.   No. 5446.

1. **Pleading:** ESTOPPEL. A party is estopped from denying the truth of averments in his own pleadings.

2. **Estoppel:** EXCHANGE OF STOCK OF CORPORATION FOR LAND: FRAUD: RESCISSION: RATIFICATION: EQUITY. Where stock in a corporation had been exchanged for land and the person receiving the stock learned that the representations inducing him to make the exchange were false, and thereafter, without notifying the other party of any intention to rescind, knowingly permitted such other party to make valuable improvements upon the land, and in the meantime acted as a director of the corporation and took part in its affairs, *held*, that these acts constituted an election to abide by the contract and deprived him of the right to seek rescission in equity.

APPEAL from the district court of Lincoln county. Heard below before CHURCH, J.

*Grimes & Wilcox,* for appellant.

*E. J. Hainer, B. I. Hinman,* and *T. Fulton Gantt, contra.*

IRVINE, C.

In February, 1890, the defendant Holtry was the owner of two hundred shares of stock in the North Platte Milling & Elevator Company. Foley was the owner of certain real estate in North Platte, which has been referred to generally in the record as the Spruce street property. On February 24, 1890, Holtry transferred the stock to Foley and received in exchange a conveyance of the Spruce street property and $1,500 in cash. In January, 1891, Foley began this action to rescind the contract and conveyances because of alleged false representations made by Holtry to Foley inducing the transfer. There was a general finding

for the plaintiff and a decree requiring the reconveyance of
the Spruce street property and rendering judgment for
$1,000 for the plaintiff, coupled with an order for the re-
transfer of the stock to the defendant.

The defendant, in his amended answer, pleads that be-
tween the first days of May and October, 1890, he improved
the Spruce street property, expending $1,500; that the
plaintiff stood by and saw defendant making such improve-
ments and made no objection thereto; that on March 1,
1890, plaintiff was elected a director of the elevator com-
pany and that he filled and occupied such office, taking an
active interest and part in the management of the business,
until the bringing of this action. The reply admits that
the defendant made improvements on the property, but al-
leges that they were made before plaintiff learned of the
falsity of the representations alleged in the petition. The
reply also avers that the cost of the improvements did not
exceed $1,300, of which $1,000 remained unpaid and a
lien on the property. We think there was no delay in
bringing this action, which of itself would bar the plaintiff
from relief. Our statute provides the period of four years
after the discovery of the fraud for instituting an action to
obtain relief therefrom, and in the absence of special cir-
cumstances it is probable that a plaintiff would not be
barred from relief for inaction during that period. It is
also a recognized principle that an equitable estoppel will
not operate where the party seeking the benefit of the es-
toppel knew the facts by virtue of which the estoppel was
claimed. (*Nash v. Baker*, 37 Neb., 713; 2 Pomeroy, Eq-
uity Jurisprudence, sec. 810.)

We find, however, a somewhat different question pre-
sented. The petition and the amended petition state dis-
tinctly that "as soon as plaintiff discovered that such rep-
resentations were false, to-wit, on or about the 30th day of
April, 1890, and at several times since," plaintiff applied
to defendant and tendered back the stock transferred and

requested a reconveyance. The plaintiff introduced evi-
dence tending to show that this averment had been made
after a hasty consultation and because of a misunder-
standing between him and his attorney, but no amend-
ment was made, nor was there any application made to
amend the petition in this regard. The plaintiff is there-
fore estopped by his averment, and it must be taken as
admitted that he had knowledge of the fraud alleged
on April 30, 1890. The uncontradicted evidence shows
that the defendant did not begin the improvements until
May; that the property was so situated that the plaintiff
had knowledge of the commencement and progress of the
improvements; in fact the plaintiff does not deny this. Al-
though the plaintiff may have become aware of the fraud
in April, we do not think that his mere inaction until the
following January would deprive him of the right to re-
scind, especially as it does not appear that he was in pos-
session of evidence sufficient to sustain the action until a
much later time; but it is a well recognized principle that
a party who has been led into a contract by false repre-
sentations has two courses open to him. He may rescind
the contract, or he may let it stand and bring his action for
damages. It is equally well established that if he elect to
rescind, he must act promptly on the discovery of the fraud,
and, in the language of Pomeroy (2 Equity Jurisprudence,
965), "when a party, with full knowledge, or at least with
sufficient notice or means of knowledge, of his rights, and
of all the material facts, freely does what amounts to recogni-
tion of the transaction as existing, or acts in a manner incon-
sistent with its repudiation, or lies by for a considerable
time and knowingly permits the other party to deal with
the subject-matter under the belief that the transaction has
been recognized, or freely abstains for a considerable length
of time from impeaching it, so that the other party is
thereby reasonably induced to suppose that it is recognized,
there is acquiescence, and the transaction, although origi-

nally impeachable, becomes unimpeachable in equity." Applying this rule, we have Mr. Foley admitting in the record that he knew of the fraud April 30, 1890. We have him, with that knowledge, permitting Holtry to make valuable improvements on the premises conveyed to him without in any manner informing Holtry of his intention to rescind; for there is not a particle of evidence to substantiate the plea of tender and demand of reconveyance, and this allegation was put in issue. Furthermore, we have, by the uncontradicted evidence, Mr. Foley, who had in March become a director of the elevator company, attending the meetings of that company and taking part in its affairs down to the very time when this action was commenced. Under these circumstances we do not think, whatever the plaintiff's rights may be in an action at law, that he can claim relief by rescission in a court of equity. The acts referred to must be treated as an election upon his part to abide by the contract, or at least as estopping him from exercising a contrary election.

It is claimed that defendant has only paid a small portion of the cost of the improvements. The evidence shows part paid and part unpaid, but does not disclose the proportion. This is immaterial, because defendant is obligated for all.

At the very close of the appellant's brief there is an insinuation that the trial judge was influenced by social relations with the plaintiff. Had this been called to our attention before the brief had been examined, the brief would have been stricken from the files and the court would have refused to consider any further brief in the case from the same counsel. We have several times had occasion to reprimand counsel for reflections on the trial judge. It has been hoped that there would be no occasion for further action in this respect. If the rule heretofore resorted to prove insufficient to deter attorneys from such conduct, other means will be adopted which will place it beyond the

power of attorneys so disposed to make such comments. We have examined this whole record, embracing more than 600 pages, with care, and we are convinced that the learned judge who tried the case conducted the proceedings with dignity, fairness, and precision.

For the error referred to the judgment of the district court must be reversed and the cause remanded, with leave to plaintiff, if he so desire, to amend his petition and pray judgment for damages.

REVERSED AND REMANDED.