FIRST NATIONAL BANK OF CHADRON V. MCKIN-
NEY, HUNDLEY & WALKER.

FILED FEBRUARY 18, 1896.   No. 6989.

1. **Sales:** FRAUD OF PURCHASER: PLEADING AND PROOF. Proof of false statements knowingly made by the purchaser of goods, whereby he is shown to be possessed of a large amount of property over and above his liabilities, is admissible under an allegation that, being insolvent, he knowingly concealed his insolvency from the vendor.

2. ———: REPLEVIN: RATIFICATION: ELECTION OF REMEDIES. A vendor who is induced to part with possession of property through the fraud of the purchasers has his election to rescind the contract and reclaim the property sold, or to ratify the sale and pursue his ordinary remedy by an action on the contract.

3. ———: ———: ———: ———. But such remedies are not concurrent, and by electing to pursue one, with a knowledge of the facts, he waives his right to the other.

ERROR from the district court of Dawes county. Tried below before KINKAID, J.

*Albert W. Crites,* for plaintiff in error.

*Bartlett, Baldrige & De Bord* and *Spargur & Fisher,* contra.

POST, C. J.

This cause was before us at the January, 1893, term, at which time it was held that the petition below stated a cause of action against the defendant therein, the plaintiff in error, for the recovery of merchandise sold to one Charles F. Yates, the plaintiff below having elected to rescind the contract of sale on account of the fraud of said Yates, through whom the defendant claims by virtue of

a chattel mortgage. (*McKinney v. First National Bank of Chadron,* 36 Neb., 629.) Since then a second trial has been had in the district court for Dawes county, resulting in a verdict for the plaintiff therein in accordance·with the peremptory instructions of the court. A motion for a new trial having been overruled, judgment was entered upon the verdict, which has been removed into this court for review by means of the petition in error of the unsuccessful party.

The first proposition to which we will give attention is that there is a fatal variance between the allegations of the plaintiffs below and the proofs; but that argument is without force. The charge of the petition is that Yates, being insolvent at the time of the purchase of the goods, concealed his insolvency from the plaintiff, whereas the evidence received over the objection of the defendants tended strongly to prove false representations by him, Yates, respecting his financial standing, whereby he was shown to be possessed of a large amount of property over and above his liabilities. The false statements proved certainly tend to sustain the allegations that Yates concealed his insolvency at the time of the purchase of the goods in controversy, and were, therefore, rightly received in evidence.

It is contended that the peremptory instruction was unwarranted by the evidence, there being no proof of Yates' insolvency when he purchased the goods which are the subject of this controversy; but in that view we are unable to concur. On the contrary, we have no doubt, from a careful examination of the record, that Yates was at the time in question, within his own knowledge, hopelessly insolvent.

According to the record offered in evidence, and which is made a part of the bill of exceptions, the defendants in error, before the commencement of this action, brought suit against Yates for the contract price of the identical bill of goods now in controversy, which is still pending in the district court for Dawes county, and in which there was issued an order of attachment, upon the filing of an affidavit in due form by F. M. Dorrington, as attorney for plaintiffs therein, pursuant to which the plaintiff in error was served with garnishee process as the supposed debtor of said Yates.    On the offer of said record Mr. Baldrige, attorney for defendants in error, testified that in the year 1889 he was a member of the firm of Baldrige, Blair & Green, engaged in the practice of law in the city of Omaha; that some time during said year defendants in error telegraphed his said firm to protect their interests with respect to their claim against Yates, and that "We were then, and ever since have been, one of the attorneys for the plaintiffs in this suit.    I never authorized any attachment papers to be filed that I have any recollection of.    I consulted with my partners at the time the claim was telegraphed to us.    That is as much as I can say of my own knowledge."    And on cross-examination he was asked if Mr. Dorrington, who appeared for the defendants in error as plaintiffs in said action, was not associated with him or his firm.    To which he answered, "I don't know.    I understood Spargur & Fisher were."    And to the inquiry, "Was not Dorrington the first attorney your firm employed?" he answered, "I don't know.    The only correspondence I remember was with Spargur & Fisher.    I don't recollect of any correspond-

ence with Mr. Dorrington." Counsel thus sought to prove that the action against Yates for the price of goods was unauthorized by defendants in error; but for that purpose the evidence quoted is, for obvious reasons, wholly insufficient.

A vendor who is induced to part with possession of property through the fraud of a purchaser has his election to rescind the contract and reclaim the property sold, or to ratify the sale and pursue his ordinary remedy by an action *ex contractu;* but such remedies are not concurrent, and by electing to pursue one with knowledge of the facts, he waives his right to the other. (*Morris v. Rexford,* 18 N. Y., 552; *Rodermund v. Clark,* 46 N. Y., 354; *Bach v. Tuch,* 26 N. E. Rep. [N. Y.], 1019; *Bryan & Brown Shoe Co. v. Block,* 12 S. W. Rep. [Ark.], 1073; 2 Herman, Estoppel & Res Judicata, sec. 1051.) True, the suit against Yates may have been unauthorized or brought without knowledge of the fraud alleged as ground for the rescission of the contract of sale; but such facts will not be presumed, and, if relied upon, must be affirmatively shown by the party asserting them. It follows that the record should have been admitted in evidence and that its rejection was error, for which the judgment must be reversed and the cause remanded for trial *de novo.*

There are other errors assigned which need not be noticed at this time, since they involve questions of practice mainly, and which may not arise in the further prosecution of the cause.

REVERSED.