SAMUEL HAWVER, APPELLEE, V. CITY OF OMAHA, APPEL-
LANT.

FILED DECEMBER 9, 1897.   No. 7440.

**Eminent Domain:** DAMAGES: INJUNCTION: ELECTION OF REMEDIES: ES-
TOPPEL. The city of O., claiming to act under and by virtue of con-
demnation proceedings previously had, took possession of and
dedicated and improved as a public street property of the de-
fendant, who, in an action against the city, recovered the value of
the property appropriated on the ground that the attempted con-
demnation was void for want of jurisdiction. Subsequently the
city, by proceedings in due form, assessed plaintiff's abutting prop-
erty, together with other lots similarly situated, with half the cost
of grading and improving said street, whereupon the latter sought
to restrain the collection of such assessment, alleging as ground
therefor the invalidity of the condemnation proceeding. *Held,* That
by electing to pursue his remedy for the value of the property ap-
propriated he had recognized the easement of the public therein,
and is now estopped to call in question the title of the city to said
street.

APPEAL from the district court of Douglas county.
Heard below before FERGUSON, J.   *Reversed.*

*W. J. Connell,* for appellant.

*Alfred Pizey* and *Leavitt Burnham, contra.*

POST, C. J.

This was a proceeding by the plaintiff Samuel Hawver,
in the district court for Douglas county, to restrain the
collection of a certain special tax or assessment to cover
one-half the cost of grading Sixth street in the city of
Omaha from a point 500 feet south of Credit Foncier
Addition to Bancroft street. The plaintiff is, according
to the allegations of his petition, the owner of tax lot
No. 11, section 26, town 15, range 13 east, in Douglas
county, of which the defendant city, on the 19th day of
November, 1888, for the purpose of extending Sixth
street from the point above mentioned, took possession

and appropriated a strip 60 feet in width by 1,287 feet in length; that in appropriating said property the city assumed and claimed to act under and by virtue of a certain pretended ordinance; but that said ordinance is, in so far as it applies to plaintiff's property, without authority and void, for reasons particularly alleged. It further appears that in the year 1892 an ordinance was duly passed and approved "for the grading of Sixth street from the south line of Credit Foncier Addition  *  *  * and directing the board of public works to take the necessary steps to cause said work to be done," pursuant to which the city, by its agents and servants, entered upon plaintiff's premises within the limits of the strip above described "and within the lines of Sixth street so pretended to be opened and extended, and dug, tore up, excavated, and removed a large quantity of earth from the plaintiff's said land;" that said acts of the defendant city were wholly unauthorized by the plaintiff and amounted to a trespass on the part of said defendant. Thereafter, in the year 1893, an ordinance was enacted and approved "levying a special tax and assessment on certain lots and real estate in the city of Omaha to cover one-half the cost of grading Sixth street from 500 feet south of Credit Foncier Addition to Bancroft street," whereby the sum of $3,571.09 was assessed and levied against the plaintiff's said property, but which assessment is illegal and void for reasons hereinbefore stated. An answer was filed admitting, in effect, the allegations of the petition, except so far as they relate to plaintiff's title, and the alleged invalidity of the condemnation proceeding by the city of the right of way through the plaintiff's property. Subsequently, by leave of court, an amended answer was filed in the following words:

"The said defendant for a further defense herein alleges that on the 19th day of October, 1892, the said plaintiff commenced a certain action in said district court of Douglas county, Nebraska, wherein he, the said Samuel Hawver, plaintiff, was plaintiff, and the city of Omaha,

defendant, was defendant, alleging and setting forth in his said petition filed in said action that the city of Omaha, on the 19th day of November, 1888, did enter upon and take possession and appropriate to its use for the purpose of the extension, opening, and creating of Sixth street from the south line of Credit Foncier Addition to Bancroft street, the certain strip, piece, and parcel of ground in plaintiff's petition filed in this action described, and in said petition did declare the value of said strip or piece of ground to be of the sum of eight thousand dollars ($8,000), and in said petition did pray for a judgment for said sum with interest from said 19th day of November, 1888. The said defendant further says that the said plaintiff at the time the said defendant entered upon said strip or piece of ground did elect to allow the said defendant to hold and retain the same as a public street, as it has ever since done, and did subsequently elect, to-wit, October 19th, 1892, to bring his action for damages to recover the value of said strip of ground on the claim that the same had been appropriated by said defendant for the purpose aforesaid. And this defendant further says that after the answer had been filed in said action commenced October 19, 1892, the said cause came on to be heard before said district court and was tried to a jury in said court and a verdict was rendered in favor of said plaintiff and against said defendant for the sum of eight hundred dollars ($800), on which verdict a judgment was duly entered by said court in favor of said plaintiff and against said defendant, which judgment remains in full force and effect. And this defendant further alleges and claims that said plaintiff by reason of the premises is estopped from claiming that said strip of ground so entered upon and appropriated as aforesaid was not a part of a public street which said defendant had a right to improve by grading or otherwise."

To the foregoing amended answer the plaintiff failed to reply, thus admitting the truth of the allegations thereof

so far as material to the controversy. A trial of the issues joined resulted in a finding and decree for the plaintiff in accordance with the prayer of the petition and from which the city has prosecuted an appeal to this court.

It will be observed from the foregoing statement, first, that the alleged vice of the assessment pertains to the condemnation proceeding instituted by the city in order to acquire the right of way through the plaintiff's property; second, that the plaintiff, at and subsequent to the entry by the defendant upon the strip of land here in controversy, elected to allow the defendant "to hold and retain the same as a public street," and that he subsequently, in an action pending in the district court for Douglas county, recovered judgment against the defendant in the sum of $800, being the value of the land appropriated by the latter. It is upon the foregoing facts argued that the plaintiff is now estopped to deny the defendant's title to the street, or to call in question the regularity of the proceedings antecedent to the assessment here involved. We entertain no doubt of the soundness of that proposition. The plaintiff, by knowingly permitting the city to grade and use the property appropriated as a public street under a claim of right, and by prosecuting to judgment his remedy for damage, must be held to have waived any irregularity in the condemnation proceedings, and should not at this time be heard to assail the title of the city in order to evade payment of the assessment complained of. It is a well established and salutory rule which requires an election between two inconsistent remedies, and by which the voluntarily pursuing of one will be construed as a waiver of the other. (2 Pomeroy, Equity & Jurisprudence, 965. See, also, *Foley v. Holtry*, 41 Neb., 563; *First Nat. Bank of Chadron v. McKinney*, 47 Neb., 149; *Building & Loan Ass'n of Dakota v. Cameron*, 48 Neb., 124; *American Building & Loan Ass'n v. Rainbolt*, 48 Neb., 434.) The foregoing observations render unnecessary an examination of the

other questions discussed in the briefs submitted by counsel. The decree will be reversed and the cause dismissed.

REVERSED.