# FIRST NATIONAL BANK OF CHADRON v. KATE TOOTLE ET AL.

FILED OCTOBER 5, 1899. No. 10,611.

Sales: FRAUD OF BUYER: ELECTION OF REMEDIES. A vendor of property who is induced to deliver possession thereof to the vendee by or through the fraudulent representations of the latter may, at his election, ratify the sale and recover the consideration, by action on the contract or the account, or may rescind the contract and reclaim the article or articles sold; but he may not pursue both remedies. They are not concurrent, and by selecting one with knowledge of the facts the right to the other is waived. See *First Nat. Bank of Chadron v. McKinney*, 47 Nebr., 149.

ERROR from the district court of Dawes county. Tried below before WESTOVER, J. *Reversed.*

*Albert W. Crites,* for plaintiff in error.

*Allen G. Fisher* and *G. A. Eckles, contra.*

HARRISON, C. J.

Charles F. Yates, who during a portion of the year 1889 was engaged in mercantile business in Chadron under the name and style of Yates & Co., ordered and received from the defendant, a wholesale dealer in dry goods and notions at St. Joseph, Missouri, certain articles of merchandise for retail trade in his store at Chadron. Yates executed and delivered to the plaintiff in error, the bank, one or more chattel mortgages on his stock of goods, and on June 14, 1889, at which time he failed in business, possession of the stock in the store was taken by the bank under its mortgage. The defendant in error commenced this action to obtain possession of the stock of goods, alleging that the sales to Yates had been induced by his false and fraudulent representations in regard to his financial condition, and that on ascertainment of the falsity of said representations the sales of the goods had been rescinded. A trial of the issues in the district court of Dawes county resulted in a judgment in favor of the bank, which, on error to this court, was reversed and the cause remanded. A rehearing was granted in this court, and on re-examination the decision at the former hearing was approved and followed. The opinion rendered on the first submission of the cause is reported in 34 Nebr., 863, and the one on rehearing in 42 Nebr., 237. After the return of the case to the district court a second trial occurred, as a result of which the defendant in error was accorded a judgment and the bank has prosecuted this error proceeding to this court. For a more extended statement of the case we refer to the opinion in 34 Nebr., 863. The second trial in the district court was without a jury.

One of the contentions for plaintiff in error is that prior to the institution of this action the defendant in error had caused a suit to be commenced against Yates on the account of the goods sold to him, or had ratified and approved the action of attorneys who had begun such a case; and further, that defendant in error then possessed knowledge of the truth or falsity of the representations which Yates had made in the purchase of the goods, that defendant in error had elected the remedy on the account and to treat the sale of the merchandise as valid, and could not afterwards claim to rescind the sale, and sue for a recovery of the goods. The rule of law which governs on this point is as follows: "A vendor who is induced to part with possession of property through the fraud of a purchaser has his election to rescind the contract, and reclaim the property sold, or to ratify the sale and pursue his ordinary remedy by an action *ex contractu;* but such remedies are not concurrent, and by electing to pursue one with knowledge of the facts, he waives his right to the other." See *First Nat. Bank of Chadron v. McKinney,* 47 Nebr., 149. And that the suit first commenced is afterwards dismissed does not relieve the party of the consequence of his election; he is concluded thereby. See *Cooper v. Smith,* 67 N. W. Rep. [Mich.], 516; *Thomas v. Watt,* 62 N. W. Rep. [Mich.], 345.

It is undisputed that an action was commenced on the account of charges for the merchandise sold to Yates, the issuance of a writ of attachment was procured therein, and the bank, plaintiff in error herein, was served with a writ of garnishment. One member of the firm, now defendant in error, was interrogated relative to the suit and attachment and answered as follows: "Q. State what, if anything, you know about an attachment brought in the name of plaintiffs against Yates & Co. of Chadron, Neb. A. I have no knowledge of any such attachment being brought. We never authorized the bringing of any attachment suit, and never ratified such attachment suit. I ordered a replevin suit for whatever goods

were sold to Yates & Co., that they had not sold, and which could be found in their store at Chadron. I did know at that time that we could not bring an attachment suit and replevin suit on account of the sale of the same goods at the same time. Immediately after the failure, after we made as diligent investigation as we could into the financial condition of Yates & Co., at the time of their failure and at the time of their making the above named written statement, we at once rescinded the sale of the goods and brought this replevin suit for the amount of goods obtained above testified to by me." He also testified that he was the credit-man of or for the firm. It will be noticed that this testimony, especially the portion in regard to the suit and attachment, was a statement of the conclusions of the witness and not of what was done by or for the firm; and in respect to two or three particulars the testimony is of the personal knowledge of the witness. On the other hand, there was testimony that a telegram was shown to a witness by the attorneys who represented the plaintiff in the attachment suit which ordered the action commenced. There was also in evidence the following letter:

"ST. JOSEPH, MO., June 14, 1889.

"*Mess. F. M. Dorrington & Sons, Attys., Chadron, Neb.*— DEAR SIRS: We are just in receipt of your telegram saying that Yates was in debt $20,000, and had stock $10,000 under chattel mortgage for $12,000 to bank, and that you had garnished bank for us, which is a step in the right direction. We think you should keep on the aggressive and you may yet make our full account. We will send itemized sworn account by next mail, but you need not wait for it. We here send statement made by Yates to us before we shipped his goods. We think with this statement you can jail him for obtaining goods under false pretenses. Do not hesitate to do so if you think the laws will bear you out in it.

"Yours truly,      TOOTLE, HOSEA & CO."

From all of which we gather that the firm knew the suit on the account had been instituted; also had then information from which the conclusion had been drawn that Yates had obtained the goods with a fraudulent purpose or by false representations. A contrary finding would be against a clear preponderance of the evidence and manifestly wrong. These things being true, the defendant in error must be held to have elected to treat the sale as valid, and it could not subsequently commence and maintain this replevin suit. There is but one brief on file, that of plaintiff in error.

There are some other questions discussed, but their examination and decision at this time are not necessary to a disposition of the cause, and we will not further notice them. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.