FRIEDERICHSEN v. RENARD et al. *

(Circuit Court of Appeals, Eighth Circuit. March 25, 1916.)

No. 4476.

1. APPEAL AND ERROR ⬅➡836—REVIEW—CONFLICTING RULINGS BY DIFFER-
ENT JUDGES.

While the ruling by one District Judge on a question ought as a mat-
ter of comity and orderly judicial procedure to be followed by another Dis-
trict Judge sitting in the same case, the failure of the second judge to
follow the prior ruling does not affect the power of the Circuit Court of
Appeals to review the final judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3247–
3261; Dec. Dig. ⬅➡836.]

2. LIMITATION OF ACTIONS ⬅➡127(12)—COMMENCEMENT OF ACTION—AMENDED
PETITION—NEW CAUSE OF ACTION.

Where a bill to rescind a sale of land for fraud and to recover inci-
dental damages was transferred to the law side of the court under equity
rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv), because the plaintiff had put it
out of his power to restore the vendor to his former position, an amend-
ed petition claiming damages for the fraud, if allowable, set up a new
cause of action, and did not relate back to the filing of the original bill,
so that it was barred by Rev. St. Neb. 1913, § 7569, where four years had
elapsed after the discovery of the fraud before the filing of the amend-
ment.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 545;
Dec. Dig. ⬅➡127(12); Pleading, Cent. Dig. § 688.]

In Error to the District Court of the United States for the Dis-
trict of Nebraska; Thomas C. Munger, Judge.

Action by John H. Friederichsen against G. H. Renard, as execu-
tor of the estate of Edward Renard, deceased, and others. Judgment
for defendants, and plaintiff brings error. Affirmed.

William V. Allen, of Madison, Neb. (William L. Dowling, of Nor-
folk, Neb., on the brief), for plaintiff in error.

R. E. Evans, of Dakota City, Neb. (W. D. Funk, of Bloomfield,
Neb., on the brief), for defendants in error.

Before SANBORN and CARLAND, Circuit Judges, and TRIEB-
ER, District Judge.

CARLAND, Circuit Judge. Friederichsen, hereafter called plaintiff,
on September 22, 1908, filed a bill in the United States Circuit Court
for the District of Nebraska against Edward Renard, in his own right
and as agent of Mary C. Gilmore, Mary C. Gilmore, and W. J. Gil-
more, hereafter called defendants, for the purpose of having a contract
between the plaintiff and Renard, dated March 12, 1908, and a deed
executed in pursuance thereof by plaintiff to Renard on March 19,
1908, conveying 240 acres of land in Knox county, Neb., declared null
and void, and for damages, for the reason that the plaintiff had been
induced by false and fraudulent representations on the part of Renard
to enter into the contract and to execute the deed. Renard and Mary
C. Gilmore answered the bill. A special master was appointed to take

the evidence, find the facts, and report the same to the court, with conclusions of law. The master heard the evidence and made his report. It appeared from the report that a part of the consideration for the Knox county land conveyed by the plaintiff to Renard was land in Louisa county, Va., that the plaintiff went into the possession of this land and cut down a large amount of timber, and that the sum of $3,050 paid by Renard to plaintiff in connection with the exchange of lands had not been refunded or offered to be returned to Renard by the plaintiff. As a conclusion of law from these facts the master found that there could be no rescission of the contract or a cancellation of the deed. The master, however, found that the plaintiff was entitled to damages in the sum of $5,880. The defendants excepted to the report of the special master and made a motion to set the same aside.

On September 23, 1913, the court (Hon. W. H. Munger, Judge) set the report aside, and claiming to act under equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv) ordered the case transferred to the law side of the court, agreeing with the master that there could be no rescission of the contract or cancellation of the deed, but that the case for damages should be conducted as an action at law. The plaintiff did not object in any way to the order of transfer, and on September 25, 1913, filed what is termed in the record an "amended petition at law," wherein the same facts were alleged as constituting fraud as were alleged in the bill, and a judgment for damages was asked. The defendants moved to strike the amended petition from the files for several reasons, among which was the following:

(9) "Because the cause of action set out in the amended petition is barred by the statute of limitations."

On July 15, 1914, the court (Hon. Smith McPherson, Judge) denied the motions. The defendants then answered the so-called amended petition. Plaintiff then made a motion to strike from the answers certain alleged irrelevant and redundant matter, included in which was an allegation that the action was barred by the statute of limitations. On September 16, 1914, the court (Hon. Smith McPherson, Judge) granted the motion to strike. September 21, 1914, counsel for defendants in open court asked permission to withdraw their answers and file pleas in abatement instanter setting up those things that had been stricken from the answers. The court (Hon. Page Morris, Judge) denied the request. November 4, 1914, the case was moved for trial before Hon. T. C. Munger, Judge, and a jury. The defendants moved that no evidence be allowed to be introduced for the reason among others:

(8) "Because more than four years have elapsed since discovery of the alleged fraud and prior to the filing of the amended petition in this case."

On November 5, 1914, while the case was on trial, it was stipulated that the plaintiff had shown himself entitled to recovery against the defendants if the action had not been barred by the statute of limitations of Nebraska. Thereupon the court took the question as to whether the case was barred under advisement, and March 24, 1915, re-

called the jury and directed a verdict in favor of defendants, on the ground that the action set forth in the so-called amended petition was barred. Plaintiffs excepted to the ruling of the court, and sued out this writ of error to review the judgment entered. It is first urged as error that the court below, in rendering final judgment, did not follow the rulings of the other judges, who had ruled, as claimed by counsel for plaintiff, that the action was not barred by the statute of limitations.

[1] It may be stated, as a matter of comity and orderly judicial procedure, that where a question has been ruled by one District Judge, the ruling ought to be followed by another District Judge sitting in the same case; otherwise, great confusion might arise if each judge called to sit in a case should set up his own independent opinion upon a question which had been already ruled in the same case. The ruling, however, which transferred the cause to the law side of the court, did not decide any question regarding the statute of limitations, and we are not informed by the record for what reasons the other judges made the rulings they did. But whatever may have been the reasons, or whatever may be the correct procedure, the rulings made in no way affect the power of this court to review the final judgment.

[2] We therefore pass to the only remaining question in the case, and that is: Was the cause of action stated in what is called the amended petition a new cause of action, or was it an amendment of an old cause of action, so as to relate back to September 22, 1908, when the bill was filed? It seems to be conceded that the cause of action stated in the so-called amended petition is a cause of action mentioned in section 7569 of the Revised Statutes of Nebraska (Ed. 1913). This section provides a limitation of four years for actions for relief on the ground of fraud, and also provides that the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud. It is also conceded, or at least must be conceded, that if the so-called amended petition set up a new cause of action that it was barred by the statute. Plaintiff claims, however, that the case stated in the so-called amended petition was simply an amendment of the case stated in the original bill, and therefore the statute of limitations did not run after the bill was filed. We think the contention of counsel for plaintiff is unsound, and that this clearly appears by an examination of the record.

The original bill was brought for the purpose of rescinding the contract between the parties and for such damages as might be recovered in an equitable action with such relief in view. The bill was answered and the action proceeded to a determination, which would have resulted in the dismissal of the bill, had not the court decided that the course marked out by equity rule 22 ought to be followed. It appears from the report of the master and from the memorandum of the court that the cause in equity failed because Friederichsen had not refunded nor offered to refund the money paid to him by Renard on the exchange of lands, and also that Renard, with knowledge of the character of the Virginia lands, had cut val-

uable timber therefrom. In other words, Friederichsen by his own voluntary acts had rendered it impossible for him to place Renard in the same position as he was before the contract and deed were made. Now to say that an action at law, wherein the plaintiff did not seek to rescind the contract, but sought to affirm it and recover his damages for the fraud, is an amendment to the cause of action stated in the bill, seems to be clearly erroneous. The cause of action stated in the so-called amended petition was a new cause of action. There never had been stated in court such a cause of action as was stated in the so-called amended petition, and therefore it could not be said to be an amendment to any such cause of action. It was simply a new action at law, directly opposed to the theory stated in the bill. We think the case is clearly ruled by Whalen v. Gordon, 95 Fed. 305, 37 C. C. A. 70, a decision by this court, and also by the following cases: Union Pac. R. R. Co. v. Wyler, 158 U. S. 285–291, 15 Sup. Ct. 877, 39 L. Ed. 983; Robb v. Vos, 155 U. S. 13, 41–43, 15 Sup. Ct. 4, 39 L. Ed. 52; Stewart v. Hayden, 72 Fed. 403–411–412, 18 C. C. A. 618; First Nat. Bk. of Chadron v. McKinney, 47 Neb. 149, 151, 152, 66 N. W. 280; American Bldg. & Loan Ass'n v. Rainbolt, 48 Neb. 434, 440, 67 N. W. 493; Pollock v. Smith, 49 Neb. 864–868, 69 N. W. 312; First Nat. Bk. of Chadron v. Tootle, 59 Neb. 44, 46–48, 80 N. W. 264; Boggs v. Young, 81 Neb. 621, 624, 625, 116 N. W. 501.

We do not think this court intended in Schurmier et al. v. Conn. Mut. Life Ins. Co., 171 Fed. 1, 96 C. C. A. 107, to overrule Whalen v. Gordon. In the Schurmier Case it appeared that under a statute of Minnesota and by order of court creditors of a decedent estate were allowed 6 months within which to present their claims. Under the statute, if good cause was shown for the delay, the court might receive a claim and allow it not later than 18 months after the order. The insurance company, being a foreign creditor, began suit in the federal court upon its claim within 18 months, but set up no reason for the delay. After the 18 months had elapsed, and after demurrer sustained to plaintiff's pleading, on application the suit was transferred to the equity side of the court, and a bill filed setting up facts which were held sufficient cause for the delay, and the plaintiff was allowed to recover. But in this case there was no change of the cause of action, and the real question decided was whether the amendment, alleging facts which excused the delay, would relate back to the time of filing the original bill. In Union Pacific Ry. Co. v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983, it was held that, where the amendment alleges a new cause of action, the statute of limitations runs until the amendment is filed, and this though the amendment is made by consent.

We are clearly of the opinion that, if the cause of action stated in the petition at law can be called an amendment of the cause of action stated in the bill, which we very much doubt, still it was a new cause of action, and as such barred by the statute of limitations of Nebraska.

Judgment affirmed.