MARTIN GRIFFIN, SR., APPELLANT, VS. JACKSONVILLE, TAMPA & KEY WEST RAILWAY COMPANY, APPELLEE.

1. Testimony tending to show that the occupation by defendant of that part of the street between the center thereof and abutting blocks of the plaintiff in ejectment was by consent of plaintiff, held sufficient to preclude any disturbance of the verdict, although there is evidence of a contrary import.

2. An action of trespass by the owner of abutting lots or blocks, his title extending to the center of the street, to recover damages for the construction of a railroad on the street between the center thereof and such lots or blocks. has, to the extent of being inconsistent with the right to maintain a possessory action against the company, the effect to operate as a consent to the use of the street in operating the railroad in a proper manner or with due care.

Appeal from the Circuit Court for Putnam county.

The facts in the case are stated in the opinion of the court.

*Randall & Foster* and *R. W. Davis* for Appellant.

*T. M. Day, Jr.*, for Appellee.

RANEY, C. J.:

This is an action of ejectment instituted by the appellant January 19th, 1891, against the appellee to recover possession of that part of Rose street in the city of Palatka lying between the center of the street and Blocks numbered 212, 213, 214 and 215, according to John Dick's map of that city, such blocks abutting on the west side of that street. There was trial by jury resulting in a verdict for the defendant and judgment thereon.

There is testimony tending to show that the occupation of the street by the defendant with its railroad was by consent of the plaintiff, and it is of such a character as to preclude any disturbance of the verdict, although there is evidence of a contrary import (P. & A. R. R. Co. vs. Jackson, 21 Fla., 146; Garnett vs. J., St. A. & H. R. R. Co., 20 Fla., 889; J., T. & K. W. Ry. Co. vs. Adams, 27 Fla., 443, 9 South. Rep., 29; 28 Fla., 631, 10 South. Rep., 465; moreover it is clearly

shown by the record that the appellant had sued appellee in trespass to recover damages for constructing its road on said street. Such a suit in trespass has, to the extent of being inconsistent with the right to maintain a possessory action against the company, the effect to operate as a consent to the use of the street in operating the railroad in a proper manner or with due care. J., T. & K. W. Ry. Co. vs. Lockwood, *ante*, and authorities *supra*.

For the reasons stated the judgment will be affirmed.