## SARAH A. HUSSEY vs. HENRY A. BRYANT.

### Franklin.    Opinion February 9, 1901.

*Way.  Damages.  Action.  Trespass.  R. S., c. 18, §§ 18, 36.*

No suitor is allowed to invoke the aid of the courts upon contradictory principles of redress, upon one and the same state of facts.

A land owner who has made complaint to the Supreme Judicial Court, as provided by R. S., c. 18, § 18, and amendments, wherein she alleged that a town way had been laid out over her land and accepted by the inhabitants, that she was damaged thereby, that the damages awarded by the selectmen were inadequate, that she was aggrieved by their award, and that consequently she appealed as provided by the statute above referred to; and who prosecutes her complaint and recovers judgment for damages, and collects the same, cannot afterwards maintain an action of trespass quare clausum upon the ground that her land had not been taken for the purposes of a way, because of irregularities in the proceedings.

She had the right, assuming that the proceedings in the location of the way were insufficient, of election.  She could waive the defects in the proceedings and obtain just compensation for her land that had been condemned; or, she might take advantage of the irregularities in the proceedings, regard the land as still her property and maintain trespass for any injury to her possession thereof.  She cannot do both; in this case she has elected the former method.

It is considered by the court, that the evidence in the case satisfactorily shows that the proper authorities of the town entered upon the land taken and took possession thereof for the purposes of a way within the time limited by the last clause of R. S., c. 18, § 36.  This action of trespass is therefore not maintainable.

On report.   Judgment for defendant.

Trespass quare clausum, the trespass alleged being an entry on the plaintiff's land, and the construction of a culvert thereon in August, 1899.   The defendant justified his acts on the grounds that whatever was done, was done by him as road commissioner for the town of Jay, in the building of a road legally located and established over the locus in quo.

The case appears in the opinion.

*F. W. Butler*, for plaintiff.

*J. C. Holman*, for defendant.

SITTING:   WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, JJ.

WISWELL, C. J.   Action of trespass quare clausum, in which the defendant justifies as the road commissioner of the town and says. that his acts, alleged by the plaintiff to be trespasses, were authorized, because within the limits of a town way duly located by the selectmen and accepted by the inhabitants of the town. The plaintiff answers that the proceedings of the selectmen and inhabitants in locating and accepting the town way were not in strict compliance with the requirements of the statute; that they were therefore insufficient to constitute a condemnation of the land; and that consequently the justification fails.

The plaintiff claims, relying upon various decisions of this court, that the case contains no legal evidence that the selectmen gave "written notice of their intentions," which the statute requires "to be posted for seven days, in two public places in the vicinity of the way, describing it in such notice;" that the return of, the selectmen does not show a strict compliance with the statute as to posting the required written notices; and that the return does not show that seven days had elapsed after the posting of the notices at the time of the hearing by the selectmen.

But the answer to these objections is this.   The selectmen assessed the damages sustained by Frank Hussey, the husband of the plaintiff, and the supposed owner of a portion of the land over which the way passed, at twenty-five dollars.   After the way was accepted by the town at the March meeting, 1897, the warrant for which contained a sufficient article in relation thereto, the plaintiff, who was in fact the owner of the land supposed to belong to her husband, made written complaint. to the Supreme Judicial Court, at the June Term, 1897, in that county, as provided by R. S., c. 18, § 18, and amendments, wherein she alleged that the way in question had been laid out over her land and accepted by the inhabitants, that she was damaged thereby, that the damages awarded by the selectmen were inadequate, that she was aggrieved by their award, and that consequently she appealed as provided by

the statute above referred to.  Under this complaint damages to the amount of fifty dollars were awarded her, judgment rendered thereon, and the amount of the judgment for such damages and costs paid to her by the town.

Having petitioned for and obtained damages because her land had been taken for the purposes of a way, she now seeks damages in trespass because her land had not been taken.  She had the right, assuming that the proceedings in the location of the way were insufficient, of election.  She could waive the alleged defects in the proceedings and obtain just compensation for her land that had been condemned, or she might take advantage of the irregularities in the proceedings, regard the land as still her property and maintain trespass for any injury to her possession thereof.  But she cannot do both.  She has elected the former method.  To allow her to adopt first one remedy and then the other would be so grossly inequitable as to be repugnant to all sense of justice.

The principle is thus concisely and well stated in 7 Encyl. of Pleading and Practice, 363:  "No suitor is allowed to invoke the aid of the courts upon contradictory principles of redress upon one and the same line of facts."  It is also therein said: "It is certainly the established law, in every state that has spoken on the subject, that the definite adoption of one of two or more inconsistent remedies, by a party cognizant of the material facts, is a conclusive and irrevocable bar to his resort to the alternative remedy."  See the numerous cases therein cited in support of this proposition.

The plaintiff further relies upon the last clause of R. S., c. 18, § 36, as follows:  "When town or private ways are finally located by municipal officers, unless the land is entered upon and possession taken for said purpose within two years after the laying out or alteration, the proceedings are void."  It is claimed that in this case there had been no such entry upon or possession taken of the land within the time mentioned in the statute.

It is true that no considerable amount of work had been done in building a road over the way as located, but this is not essential.

What the statute requires is that the way should be taken possession of by the proper authorities within the time mentioned, "for

said purpose," that is, for the purpose of a way.    Here the uncontradicted testimony, some of which comes from the plaintiff's witness, is that the next fall after the acceptance of the way in March 1897, that is in the fall of 1897, the highway commissioner built a temporary bridge in the way over a small stream ; that he, about the same time, removed the few remaining stones of an old wall that extended across the way ; that during the following winter the road was broken out after snow storms and was kept open in the same manner that other roads in the town were ; and this was done by the municipal authorities.    During that winter the way was used as a road throughout the winter by those having occasion to use it.    In the next fall, still within two years, the commissioner caused two apple trees which slightly interfered with travel to be cut down and removed, and that winter the commissioner made arrangements to have the road broken out, but it was not kept open during that winter because the snow came so early, before the frost, that it was unsuitable for use.

We are satisfied that the town did enter upon and take possession of this land within the limits of the location, for the purposes of a way within the time limited by the statute above referred to. This action is therefore not maintainable and the defendant is entitled to a judgment.

*Judgment for defendant.*