# Vanderslice, Appellant, *v.* The Irondale Electric Light, Heat & Power Company.

*Waters—Damages by flooding—Raceways—Permanent damages—Loss by subsequent grantee—Res adjudicata.*

Where a landowner brings an action against a corporation to recover damages for permanent injury done his land by the seepage of water from a raceway operated by the defendant and recovers damages for the entire destruction of the beneficial use of all his flooded land, a subsequent grantee of the land is not entitled to maintain an action against the corporation to recover for the later loss of crops or injury to the use and occupation of the same land where there is no evidence to show any change in the condition of the raceway or increase in the seepage therefrom, or that any more of the land was flooded.

Argued April 11, 1911.    Appeal, No. 322, Jan. T.,

1910, by plaintiff, from judgment of C. P. Columbia Co., Sept. T., 1909, No. 260, for defendant non obstante veredicto in case of George Vanderslice v. The Irondale Electric Light, Heat & Power Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass for damages to land.

The facts appear in the opinion of McCLURE, P. J., specially presiding, as follows:

There is no rule of law which will permit one man to take possession of another's property, and then force him to accept damages in lieu of his right to recover the possession of it. He cannot compel him to part with his property even for a full price: McCoy v. Danley, 20 Pa. 85. Accordingly, one who has been deprived of the use of his land by the casting of water or other substance upon it, may bring successive actions for damages to the use, and thus compel the abatement of the nuisance. He is not bound to assume that the structure which causes the injury will be a permanent one, and therefore, sue for all damages for past and future injury to his land; but he can regard the nuisance as of a transient character, and instead of bringing an action for the whole injury to the value of his property, he may sue for the amount of such injury as he suffers from the continuance of the nuisance: C., B. & Q. R. R. Co. v. Schaffer, 124 Ill. 112 (16 N. E. Repr. 239). An owner has the right, however, to elect to treat an obstruction in a stream which backs water upon his land, or, as here, a raceway which casts water upon it, as permanent in character, and gauge his recovery accordingly. If he so elects, declares for a permanent injury to his freehold, offers evidence in support of it, has his damages assessed on the basis of a total loss of the land flooded, and receives satisfaction at the hands of the defendant, how can he again recover damages for a continuing injury to the same land, caused by the same dam or raceway, without evi-

dence of aggravation? If he can, then what is the measure of damages? Can he compel the defendant to pay him the market value of his land a second time, or will the recovery be limited to the value of the crops he might have raised upon it since the former action? If the latter, upon what principle should a wrongdoer be forced to pay for the use of that for which he has paid the owner full value? If a party for an injury to his property elects to proceed by an action of trespass for its value, he in effect abandons his property to the wrongdoer; so that when judgment is obtained, and satisfaction made, the property is vested in the defendant by relation as of the time of the taking or conversion: 1 Herman on Estoppel, 214. So also, the doctrine as to realty is that, where the injury is of a permanent character and goes to the entire value of the estate, the whole injury is suffered at once, and no other action can be maintained for the continuance of the injury: 1 Herman on Estoppel, 235. And the rule is the same where the injury to the property resulted from a cause which may not be permanent in its character, if it was treated as permanent by the parties to the action: Hartman v. Incline Plane Co., 11 Pa. Superior Ct. 438.

Albertus W. Welliver, the plaintiff's grantor, in his action against the defendant, declared that the water seeping through the banks of the defendant's raceway destroyed his crops, flooded his system of underdrains, and permanently rendered about eight acres of his land unproductive and untillable; that his fields were permanently damaged, rendered boggy, swampy and unfit for cultivation, depriving him of the use of the same for agricultural purposes, etc.

Welliver offered no proof of loss of his crops, or the cost of restoring his system of underdrains, nor of the cost of draining off the water which was then upon his fields, but he treated the race as a fixture, and the percolation through its banks and the flooding of his land of a nature that would continue for all time to come, and by proving the cost of the prevention of the flooding to exceed the

market value of his land he thereby established the market value as the measure of his damages.

Had the defendant preferred to reconstruct its raceway so as to prevent future percolation rather than to pay damages for a permanent injury to the plaintiff's land, it could have objected to his evidence of the cost of prevention, driven him to proof of the cost of restoration alone, and thus limited his recovery to damages which had accrued prior to the trial: Aldworth v. Lynn, 153 Mass. 53 (26 N. E. Repr. 229). In which event the judgment would have been no bar to the present action. But the defendant interposed no objection to the introduction of this evidence, and the plaintiff on the basis on which he staked his claim, viz., a permanent injury to his freehold, was permitted to recover damages for the entire destruction of the beneficial use of all his flooded land. This should, and in our opinion did, end further liability to Welliver: Hartman v. Incline Plane Co., 11 Pa. Superior Ct. 438; and Vanderslice, his grantee, cannot be heard to say that he received no compensation for future injuries. He took the land burdened with the seepage from the race.

In this action the word "permanent" does not appear in the declaration, and the proof went to the loss of the crops or injury to the use and occupation of the same land since the former trial. No change was shown in the condition of the raceway, nor increase in the seepage therefrom; and, while the water had risen a little higher on plaintiff's land, no more of it was flooded. We are accordingly of the opinion that the defendant's second point ought to have been affirmed, and the plaintiff should not have been permitted to recover compensatory damages, because his predecessor in title elected to treat the seepage as permanent in character and had already recovered at the hands of the defendant full compensation for past and future injuries to his flooded land. It follows that exemplary damages should not have been allowed, for the defendant had done the plaintiff no wrong.

Judgment is now directed to be entered for the defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant n. o. v.

*Fred Ikeler*, with him *T. J. Vanderslice* and *H. Mont. Smith*, for appellant.

*William H. Sponsler*, with him *Albert W. Duy*, for appellee.

PER CURIAM, July 6, 1911:

The judgment is affirmed on the opinion of Judge Mc-Clure, specially presiding.