[Civ. No. 11735.   First Dist., Div. One.—July 9, 1941.]

GERTRUDE SLATER, Petitioner, v. THE SUPERIOR COURT OF CONTRA COSTA COUNTY et al., Respondents.

758

Muldary & Elkington for Petitioner.

McCutchen, Olney, Mannon & Greene for Respondents.

PETERS, P. J.—This is a petition for a writ of mandate to compel respondents, the Superior Court of Contra Costa County and its clerk, to issue execution upon a judgment. If the writ was improperly refused *mandamus* is the proper remedy to compel its issuance. (*Holtum* v. *Grief,* 144 Cal. 521 [78 Pac. 11]; *Sullivan* v. *Superior Court,* 185 Cal. 133 [195 Pac. 1061].)

The facts giving rise to this controversy are as follows: Petitioner commenced an action in Contra Costa County against the Shell Oil Company to recover damages to her real property alleged to have been caused by the unauthorized construction of a pipe line by the Shell Oil Company on her property. On the first trial the trial court granted a motion for nonsuit, and judgment was entered accordingly. This judgment was reversed on appeal. (*Slater* v. *Shell Oil Co.,* 39 Cal. App. (2d) 535 [103 Pac. (2d) 1043].) Thereafter, the cause was retried before a jury. The jury brought in a verdict in favor of petitioner which reads in part as follows: "We, the Jury . . . find that by reason of the construction of the second pipe line the market value of plaintiff's property has been decreased in sum of $10,000 Dollars, and we further find that the damage for the physical injury to plaintiff's property is the sum of $2500 Dollars." On December 14, 1940, judgment was entered in favor of petitioner for $12,500, plus costs, assessed at $908.81. In due time the Shell Oil Company moved for a new trial. On February 1, 1941, the trial court made its order granting the new trial unless petitioner filed, by a designated date, a waiver of a portion of the judgment. The order is entitled, "ORDER

GRANTING NEW TRIAL CONDITIONALLY'', and, so far as pertinent here, reads as follows:

"Now, Therefore, IT IS HEREBY ORDERED that said motion be and it is hereby granted with respect to the issue as to the amount of damages upon all of the grounds specified in said notice and upon the presentation of said motion, including insufficiency of the evidence to justify or sustain the verdict in said action, unless plaintiff on or before the 5th day of February, 1941, file with said court in said action a written waiver of all portions of the judgment heretofore entered in said action on December 14, 1940, in excess of the sum of $2500, and that said motion be and it is hereby denied with respect to all other issues in said action.

"IT IS HEREBY FURTHER ORDERED that if such waiver be so filed within the time aforesaid then said motion be and the same is hereby denied even with respect to said issue as to the amount of damages.''

On February 5, 1941, within the time specified in the conditional order, the petitioner filed a waiver, which reads as follows:

"Gertrude Slater, the plaintiff above-named, does hereby waive and remit all portions of the judgment hereinbefore entered on December 14, 1940 in excess of, and other than, the sum of $2,500 awarded by the jury as damages for the physical injury to the property of plaintiff, and the costs hereinbefore taxed.''

Petitioner thereupon requested the clerk to issue an execution on the judgment so reduced. This, the clerk refused to do. Petitioner thereupon moved respondent court for an order that execution issue. This motion was denied, whereupon this proceeding was instituted.

It is the contention of respondents that the waiver does not comply with the terms of the conditional order granting the new trial; that for that reason the condition was never complied with; and that, 'upon the expiration of the time set in the order, a new trial was granted. (*Jennings* v. *Superior Court,* 134 Cal. App. 300 [25 Pac. (2d) 246]; *Gloria* v. *A Colonia Portuguesa,* 128 Cal. App. 640 [18 Pac. (2d) 87].) The respondents take the position that the remission as filed did not comply with the court's order in that it constituted a remission only as to damages awarded for physical injury to the property in excess of $2500. It is pointed out that no

damages in excess of that amount were awarded for such injury, and, therefore, it is contended that there was no remission at all. In other words, it is urged that petitioner has not waived any portion of the judgment awarded for the decrease in the market value of the property.

In our opinion, this construction of the waiver is an unreasonable one. The pertinent language of the conditional order granting the new trial is that such new trial is granted unless petitioner herein "file with said court in said action a written waiver of all portions of the judgment heretofore entered in said action on December 14, 1940, in excess of the sum of $2500." The pertinent provision of the waiver reads that petitioner "does hereby waive and remit all portions of the judgment hereinbefore entered on December 14, 1940 in excess of, and other than, the sum of $2500 awarded by the jury as damages for the physical injury to the property of plaintiff, and the costs." Respondents' argument that this does not constitute a waiver of all sums awarded in excess of $2500 (i. e., $10,000) is necessarily predicated upon the theory that the "judgment" referred to in the conditional order and in the waiver was divisible into two independent parts, $2500 for physical injury to the property and $10,000 for decrease in value. While it is true that the jury verdict was thus divisible, the judgment that was entered on December 14, 1940, was not for two separate sums, but was in the total amount of $12,500. It reads that, "it is ORDERED, ADJUDGED AND DECREED that said plaintiff Gertrude Slater do have and recover of and from said defendant Shell Oil Company, a corporation, the sum of Twelve Thousand, Five Hundred ($12,500) dollars, together with all her said plaintiff's costs". When the petitioner waived "all portions" of that judgment "in excess of, and other than, the sum of $2500 awarded by the jury as damages for the physical injury to the property of plaintiff" she clearly waived the portion of that judgment in excess of $2500. The conditional order when it referred to the judgment was obviously referring to the judgment for $12,500. The waiver also was referring to that same judgment. No other interpretation is reasonably possible. The statement in the waiver that the $2500 which the petitioner was willing to accept was the $2500 awarded by the jury for the physical injury to the property, in no way detracted from the operative clause in the docu-

ment that she was waiving all portions of the judgment in excess of the $2500. ▮ The waiver must be read as a whole, and the words used given a reasonable interpretation. ▮ Tested by these standards, the waiver clearly amounts to a remission of the $10,000 awarded by the jury for the decrease in value of petitioner's property.

▮ On the oral argument, counsel for respondents, who are also counsel for the Shell Oil Company, urged that they relied on the trial court's interpretation that the waiver did not comply with the terms of the conditional order granting the new trial; that because of such reliance they assumed a new trial had been granted; that had they known that the new trial had been denied they would have appealed from the $2500 judgment; that they were thus misled by the petitioner to their injury by the form used by her in attempting to comply with the conditional order. Had the waiver been truly ambiguous, the above argument might be entitled to some consideration in interpreting it. But, as we have seen, the waiver is not ambiguous. A strained unnatural interpretation of the waiver should not be indulged in simply because counsel for the Shell Oil Company elected to rely on an erroneous ruling of the trial court. If counsel had desired to do so, they could have appealed from the judgment, and also could have urged that a new trial had been granted. Counsel elected not to avail themselves of this right. Counsel's failure to avail themselves of this procedure cannot be held to deprive petitioner of the right to enforce the judgment as reduced by the waiver.

▮ It will be noted that the conditional order granting the new trial makes no reference to costs, but simply required a waiver of "all portions of the judgment . . . in excess of the sum of $2500." The waiver complies with that provision except that the waiver is of "all portions of the judgment . . . in excess of, and other than, the sum of $2500 . . . , and the costs." Respondents make no point of the fact that the waiver reduced the judgment to $2500, *plus* costs. This inclusion of costs in no way affected the waiver. If no mention of costs had been made in the waiver, none having been made in the conditional order, the legal effect would have been that petitioner would be entitled to costs. This follows from the fact that costs are not an integral part of the judgment—they are but an incident of the judgment. (*Whitaker* v. *Title Ins.*

*etc. Co.,* 179 Cal. 111 [175 Pac. 460] ; *McCallion* v. *Hibernia etc. Society,* 98 Cal. 442 [33 Pac. 329] ; *Cain* v. *French,* 29 Cal. App. 725 [156 Pac. 518].)   This being so, the inclusion in the waiver of something to which petitioner would have been legally entitled without mention in no way affects the legal efficacy of the waiver.

The only other question left for determination is whether the writ should issue against the clerk as well as against the respondent court.   Although there appears to be some confusion in the cases (see, *De Garmo* v. *Superior Court,* 1 Cal. (2d) 83 [33 Pac. (2d) 411]), it is our opinion that when a dispute arises over whether a waiver complies with the conditional order of the court, the clerk has no power to pass upon the merits of that dispute.   If the clerk should attempt to pass on such question he would be acting judicially and this he has no power to do.   Where a dispute exists he should refuse to act and await the order of the court.   This was the precise point involved in *Holtum* v. *Grief, supra.* There, as in the instant case, a dispute arose as to whether a conditional order granting a new trial had been complied with.   The clerk refused to issue execution, whereupon, as in the instant case, a formal motion was made to the court for an order directing the clerk to issue execution.   Upon the denial of that motion mandate was sought against both the court and the clerk.   It was held that the peremptory writ should issue solely against the court.   In so holding, the Supreme Court stated (p. 527) : ''In cases of this kind the clerk cannot be expected to pass judicially upon the question whether a condition annexed to an order granting a new trial has been performed or not, and in any case he must be justified in awaiting the order of the court (where alone the question as to performance can be tried) before issuing execution. For this reason we do not think the petitioner has any right to a writ directed to the clerk.   But as to the court the case is different.   Upon the undisputed facts it is the duty of the court to order execution, and the only question is whether that right is enforceable by writ of mandate—which does not issue where there is a plain, speedy, and adequate remedy in the ordinary course of law.   (Code Civ. Proc., sec. 1086.) Here it is suggested there is a plain, speedy, and adequate remedy by appeal from the order overruling the motion for execution, but this remedy although plain is neither speedy

nor adequate. The appeal, in the ordinary course, would not be decided for a long time, and pending the appeal there would be no security for the payment of the judgment. And, besides, nothing would necessarily result from an appeal beyond a reversal of the order, and this would merely confirm the right of the petitioner to execution—a right already complete. So that unless the judgment of reversal was accompanied by a mandatory direction to order the issuance of execution, the petitioner would find himself at the end of his appeal precisely where he is now—with a right to demand the issuance of the writ, but with no power to compel it.''

The reasoning of the court in the Holtum case, *supra,* is sound. For that reason, the peremptory writ in the present case should issue solely against the trial court, and should be dismissed as to the clerk.

Let a peremptory writ of mandate issue directing the respondent court to grant the motion of petitioner for an order directing execution to issue on the judgment of December 14, 1940, as reduced by the waiver of February 5, 1941. The proceedings against respondent clerk are dismissed.

Knight, J., and Ward, J., concurred.

A petition for a rehearing was denied August 8, 1941, and the following opinion then rendered:

THE COURT.—On this petition for rehearing it is urged by respondents that the opinion heretofore filed in this case discloses that the court misunderstood the contentions of respondents. It is urged that no contention was made that the waiver did not apply to the $10,000, but that the contention was that, because of the language of the waiver, no waiver was made as to the item of damage involved in the $10,000 portion of the judgment. It is urged that the opinion does not clearly determine whether the judgment as reduced by the remission constitutes a judgment for both the decrease in value of the property, and for the physical injury to the petitioner's property. This court did not misconceive respondents' position. It was, and is, our belief that the two problems are inseparable. In determining that there had been a remission of the $10,000, the court necessarily determined that the judgment for $2,500 constitutes a judg-

ment for all items included within the original judgment for $12,500. Stated another way, so far as the doctrine of *res judicata* is concerned, the Shell Oil Company by paying the judgment as reduced will be in exactly the same legal position as if the judgment for $12,500 had been paid in full.

The petition for rehearing is denied.