[Civ. No. 12305. First Dist., Div. Two. May 28, 1943.]

GERTRUDE SLATER, Appellant, v. SHELL OIL COMPANY (a Corporation), Respondent

Burns & Lawless, Emmet R. Burns and James A. Himmel for Appellant.

McCutchen, Olney, Mannon & Greene, F. F. Thomas, Jr., and Sherrill Halbert for Respondent.

NOURSE, P. J.—Plaintiff sued in ejectment to enforce the removal of defendant's pipe line from the property of plaintiff, and for damages for the use and occupation of the land. The defendant answered and pleaded two separate defenses—that a former action between the same parties and upon the same subject matter bars this action, and that all damages for the use and occupation of plaintiff's land having been paid for by the satisfaction of the former judgment, plaintiff is barred from seeking further relief in this action for the same injury.

Under the provisions of section 597 of the Code of Civil Procedure a separate trial was had upon these defenses and the trial court found that the former action was a bar upon the second cause of action; that the plaintiff therein waived all portions of the judgment and verdict in excess of $2,500; that the satisfaction of the judgment for that amount "constitutes the entire relief to which plaintiff is entitled" and bars this action, or any further actions with respect to the cause of action herein asserted; and that, through the satisfaction of the former judgment, "plaintiff has been fully compensated for the continued and permanent maintenance and operation of said pipe line." Judgment followed for the defendant on these special pleas.

The single question raised on the plaintiff's appeal from this judgment is whether the trial court erred in holding that her action was barred by the former judgment. It is her contention that since the former action was one in

trespass for damages for the use and occupation of plaintiff's land, and for damages in the installation of the pipe line, it has no relation to this suit in ejectment which seeks restitution of the land and removal of the pipe line. Respondent replies that the statement of the issues is too narrow—that the former action sought damages for the construction and maintenance of the pipe line, in addition to the claim of damages during its construction to physical properties. Respondent also points out that the present action is not confined to the demand for possession and removal of the pipe line, but it also seeks damages for its construction and maintenance.

A portion of the record of the former trial is included in the bill of exceptions. From this it appears that the complaint therein pleaded the unlawful entry upon the premises by defendant for the installation, construction and maintenance of the pipe line, that these acts caused damage to and decreased the value of the property by rendering it unfit for subdivision purposes, by injuring crops and trees, by creating a menace to the plaintiff and her family when oil should escape, or become overheated, and by depreciating "the reasonable value of the use of the said property of plaintiff so appropriated by defendants." The verdict of the jury in the former action read:

"We, the jury in this case, find that by reason of the construction of the second pipe line the market value of the plaintiff's property has been decreased in the sum of $10,000.00 dollars; and we further find that the damages for the physical injury to plaintiff's property is the sum of $2500.00 dollars."

It should be noted that, by its verdict, the jury awarded damages to the market value of the land by reason of the construction of the pipe line, and also damages "for the physical injury to plaintiff's property." Though a separate sum was fixed for each element of damage, the satisfaction was in general terms. Prior to the filing of the satisfaction the plaintiff therein filed a waiver in response to an order of the trial court that, unless she waived all portions of the judgment over $2,500 and costs a new trial would be granted. By this waiver she attempted to limit the recovery to "damages for the physical injury to the property." The trial court questioned the sufficiency of this waiver, for reasons which were apparent, and refused to direct execution. A writ of

mandate was issued out of the District Court of Appeal ordering the trial court to direct execution on the modified judgment. (*Slater* v. *Superior Court,* 45 Cal.App.2d 757 [115 P. 2d 32, 865].) The contention of the respondent in that proceeding was that the waiver was indefinite in that it appeared to limit the recovery to the damage to the physical property. But the court rejected this interpretation and said in its opinion (p. 763) that the modified judgment for $2,500 "constitutes a judgment for all items included within the original judgment for $12,500. Stated another way, so far as the doctrine of *res judicata* is concerned, the Shell Oil Company by paying the judgment as reduced will be in exactly the same legal position as if the judgment for $12,500 had been paid in full."

Thus there is presented on this appeal the single question whether the former judgment for injury to the market value of the property through the construction and maintenance of the pipe line is a bar, or an estoppel, to this suit in ejectment and damages for the same acts.

■ The uncertainty of the waiver which the appellant herein denied in the mandamus proceeding is now asserted by her as indicating that the reduced judgment was satisfied only for the damages allowed for physical injury to her property, and that the judgment, as satisfied, included nothing in the way of damages for decrease in the market value. We are not impressed with the argument because if she waived all damage to the value of the land caused by respondent's occupancy and the maintenance of the pipe line, she is in no better position on this appeal so far as the issue of res judicata is concerned. This is so because of the settled rule that this doctrine applies not only to those matters which were actually tried and determined in the former action, but to "Every matter which might have been urged in support of the cause of action or claim in litigation." (2 Freeman on Judgments, p. 1425, sec. 676; *Sutphin* v. *Speik,* 15 Cal.2d 195, 202 [99 P.2d 652, 101 P.2d 497].) This principle is stated in a different way in Restatement of the Law of Judgments, section 63, comment a, as follows:

"Where in the second action the plaintiff bases his claim on the same right on which he based his claim in the prior action and on the same violation of duty by the defendant, it is not a different cause of action merely because he asserts

different grounds for recovery from those which he asserted in the prior action. He is barred by the prior judgment, not only where the grounds alleged in the second action were alleged in his complaint in the prior action and he failed to prove them, but also where he failed to allege these grounds in his complaint and therefore was precluded from proving them in the prior action.''

█ Some confusion is caused in the discussion of counsel by the failure to recognize the distinction between the ''cause of action'' and the ''form of action.'' In the application of the doctrines of res judicata, estoppel by judgment, and merger of judgments it is immaterial what form the proceedings take so long as they arise out of the same act or right. █ In the case here the right of the appellant which she asserts in both actions is the right to be free from the alleged trespass upon her land, and the occupation by the defendant. To assert this right she could sue for the trespass and recover damages, or in ejectment and have a judgment of ouster and damages, or for an injunction to restrain the continued occupation.

In Restatement of the Law of Judgments, section 63, comment b, it is said: ''There is in such a case a single cause of action, based upon the *primary right* of the plaintiff to be free from injury to his person or property. . . . The plaintiff is not permitted to maintain successive actions for the *same injury* by alleging different acts of negligence on the part of the defendant.'' Emphasis added. Again in the same work, section 64, comment b, it is said: ''Where, as at common law, the plaintiff in an action at law has to select one of the forms of action, and he sues in one form of action and judgment is given for him, he is precluded from maintaining an action in another form of action based on the same claim.'' And, in comment d, under the same section, we find: ''Where a person has alternative remedies to sue either in an action of tort or in an action for restitution and has pursued one of these remedies and obtained a judgment in his favor, he cannot thereafter maintain an action to obtain the other remedy. Since the judgment terminates the right of action, it terminates also the unused remedy.''

█ Where the cause of action upon which plaintiff sues is based upon the alleged invasion and occupancy of his land by defendant the plaintiff may elect to treat the occupancy

as permanent and sue for compensation, once for all, for the prospective invasions. This compensation is usually fixed at the depreciation in the salable value of the land. (Restatement of the Law of Torts, sec. 930, comments c and d.)

In the early common law the action of ejectment was one to recover damages only for the wrongful ouster, or invasion. Then it was merged into the right to recover possession and to settle title and establish the right of property. By gradual development the rule was adopted permitting the owner to sue in ejectment to recover possession and, either in the same action or in another, to recover the value of the use and occupation of the land, which is termed damages for the withholding. (*Johnston* v. *Fish,* 105 Cal. 420, 423 [38 P. 979, 45 Am.St.Rep. 53]; 9 Cal.Jur. p. 1028.)     Though the right to sue for ejectment and damages may be exercised in the same action by reason of section 427, subdivision 2, of the Code of Civil Procedure, they are nevertheless independent and inconsistent causes of action based upon the same invasion of the same right. Where, therefore, a party elects to sue for damages past and prospective he is deemed to have waived the invasion and consented to the continued occupancy of the land. Such is the rule of the majority of the cases. (*Tooker* v. *Missouri P. & L. Co.,* 336 Mo. 592 [80 S.W.2d 691, 101 A.L.R. 365]; *Thompson* v. *Illinois Cent. R.R. Co.,* 191 Iowa 35 [179 N.W. 191]; *Griffen* v. *Jacksonville etc. Ry. Co.,* 33 Fla. 606 [15 So. 338]; 18 Am.Jur. p. 166; *Hussey* v. *Bryant,* 95 Me. 49 [49 A. 56]; *Pinkham* v. *Chelmsford,* 109 Mass. 225; *Hawver* v. *Omaha,* 52 Neb. 734 [73 N.W. 217]; *Oliver* v. *Monona County,* 117 Iowa 43 [90 N.W. 510]; *Barnes* v. *Peck,* 283 Mass. 618 [187 N.E. 176]; and *Great Falls Mfg. Co.* v. *Attorney General,* 124 U.S. 581 [8 S.Ct. 631, 31 L.Ed. 527].) The rule of these cases is stated in *Tooker* v. *Missouri P. & L. Co.* (*supra*) that, since the land owner might have sued either in ejectment or for damages, and chose the latter, he must be deemed to have acquiesced in the appropriation of the right of way as a permanent and accomplished thing. For these reasons, it was said at page 695, "a party will not be permitted to split his cause of action and sue for part only of the damages accrued to him out of a single transaction, and then, having recovered, vex his adversary with another suit for the remainder of the damages which he could and should have sued for and recovered in the first action."

In *Thompson* v. *Illinois Cent. R.R. Co.* (*supra*) plaintiff had recovered and collected a judgment for damages for the market value of his land caused by defendant's construction and maintenance of a railway embankment. He sued again for additional damages. It was held that he was bound by his election because, in the first suit, he treated the invasion as a permanent injury to his land, recovered damages based upon a substantial reduction in the market value of his land, and proceeded upon the theory "that he should be treated as having cheaper land because the permanent and wrongful construction would injure his land at future times as it had in the past." (p. 197.)

In *Vanderslice* v. *Irondale Elec. etc. Co.*, 232 Pa. 435 [81 A. 445], plaintiff endeavored to sue for additional damages, after having collected a judgment for decrease in the market value of the land. The court said at page 446: "If a party for an injury to his property elects to proceed by an action of trespass for its value, he in effect abandons his property to the wrongdoer; so that when judgment is obtained, and satisfaction made, the property is vested in the defendant by relation as of the time of the taking or conversion."

This rule is controlling here. It should be noted that this is not a suit for successive damages, or successive trespasses, under section 1047 of the Code of Civil Procedure. This is a suit based upon the same cause of action as that involved in the former judgment. Respondent has an easement for the construction and maintenance of an oil pipe line over appellant's land, and, mistakenly believing it had the right to do so, constructed a second and parallel line over the same land. Appellant, deeming herself injured by this act, sued in trespass for damages alleged to have been caused by the "installation, construction and maintenance" of the pipe line, and recovered judgment, in part, for the decrease in the "market value" of the property. The modified judgment having been fully satisfied, she must be deemed to have elected to waive the alleged unlawful entry and to permit the continued occupation of the right of way for the compensation paid under the prior judgment. She is thus barred from now asserting that the damages paid under the former judgment for the decrease in the market value were not received in full compensation for respondent's occupancy of the land.

We purposely refrain from deciding upon what specific legal hypothesis this conclusion is reached. The respondent pleaded that the former judgment and satisfaction was a bar to this proceeding. The text writers are not in accord whether the doctrine applicable is res judicata, estoppel, merger of judgment, or election of remedies.  The latter doctrine is ''an extension of the law of estoppel.'' (*Mailhes* v. *Investors Syndicate*, 220 Cal. 735, 738 [32 P.2d 610].) Merger of judgments is also an application of the same doctrine. Res judicata has many of the features of estoppel particularly when based upon the same cause of action. Whatever the doctrine applicable all unite in the principle that one who has had his day in court should not be permitted to further vex his adversary by a subsequent action for the same relief. (*Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636, 638 [134 P.2d 242].)

The judgment is affirmed.

Spence, J., and Dooling, J. pro tem., concurred.

A petition for a rehearing was denied June 26, 1943, and appellant's petition for a hearing by the Supreme Court was denied July 26, 1943.