[S. F. No. 19338. In Bank. Oct. 14, 1955.]

CHARLES KORNOFF et al., Respondents, v. KINGSBURG
COTTON OIL COMPANY (a Corporation) Appellant.

David S. Davis and Charles Ray Barrett for Appellant.

James C. Janjigian, N. Lindsey South and L. Kenneth Say for Respondents.

CARTER, J.—Defendant Kingsburg Cotton Oil Company appeals from an adverse judgment entered on a jury verdict given after it had been granted a limited new trial on the sole issue of damages. No appeal was taken from the order granting the limited new trial.

Defendant owns and operates a cotton gin on land adjacent to plaintiffs' property which is used for residential purposes and the operation of a planing mill. The area in question was zoned for business and commercial purposes. Defendant is engaged in the business of ginning lint cotton and processing cottonseed, which lasts approximately six months of each year. During the ginning season, plaintiffs alleged that large quantities of fumes, vapors, dust, dirt, sediment, lint and waste materials were emitted into the atmosphere and penetrated into the house and shop, covering them with an offensive, injurious and adhesive coating of dust, lint and ginning waste and causing injury to their house, furniture,

and persons. At the first trial, the jury found plaintiffs had suffered injury to their real property and assessed damages in the sum of $10,000; it was specifically found that neither plaintiff had suffered any damage to his, or her, person. A new trial was thereafter granted on the ground that the evidence was insufficient to justify the verdict as to the "issue of damages only." At the conclusion of the second trial, the jury returned the following verdict: "We, the Jury in the above entitled action, assess plaintiffs' damages in the sum of $9541.00; and our verdict is for the plaintiffs, CHARLES KORNOFF and ELEANOR KORNOFF, husband and wife, and against the defendant, KINGSBURG COTTON OIL COMPANY, a corporation, for said amount." A judgment was thereafter entered and defendant appeals.

At the second trial on the sole issue of damages, the jury was instructed as follows:

"If, under the Court's instructions, you should find that plaintiffs are entitled to a verdict for a sum greater than merely nominal damages, then you shall determine the items of claimed detriment which I am now about to mention, provided you find each of such items to have been suffered by plaintiffs, and provided further that you find each of such items to have been suffered by plaintiffs as the proximate result of the act or acts of trespass complained of:

"1. Such sum as will reasonably compensate the said plaintiffs for the damage to their real property. That sum is equal to the difference in the fair market value of the real property immediately before and after the injury; provided, however, that if the injury has been repaired, or be capable of repair, so as to restore the fair market value of plaintiffs' real property as it existed immediately before the injury, at an expense less than such difference in value, then the measure of damage is the expense of such repair, rather than such difference in value.

"2. Such sum as will reasonably compensate plaintiffs as the owner-occupants of the land, including members of their household, *for discomfort and annoyance to them, if any,* proximately caused by the act or acts of trespass complained of. The amount of damages to be awarded for this element of the injury, if any, is left to the sound judgment and discretion of the jury based upon the evidence, and without the necessity of any witness having given his opinion with respect to the amount of such damages, if any." (Emphasis added.)

The jury was instructed at defendant's request that plain-

tiffs had suffered a trespassory invasion "(more or less continuous in nature during the cotton ginning season)". and, also at defendant's request, that the sum which would reasonably compensate plaintiffs for the damage to their real property was the "sum equal to the difference in the fair market value of the real property immediately before and after the injury; provided, however, that if the injury has been repaired, or be capable of repair, so as to restore the fair market value of plaintiffs' real property as it existed immediately before the injury, at an expense less than such difference in value, then the measure of damage is the expense of such repair rather than such difference in value."

At the trial, plaintiffs' attorney argued that plaintiffs were seeking past, present and future damages for the injury to their real property. Defendant contends that where a continuing trespass is involved, as distinguished from a permanent trespass, future damages are not recoverable. While no instruction was given the jury concerning the distinction between permanent and continuing trespass, the following statement was made by the court in the presence of the jury:

"Now, I'll repeat a question, Mr. Say, that I asked you in the absence of the jury. Is it the contention of your clients, Mr. and Mrs. Kornoff, that the alleged damage that they complain of in this suit is permanent and that it will continue in the future and that they are asking damages now for all of the adverse effects which have happened in the past and which may happen in the future from the operation of this gin of the defendant's?

"Mr. Say: Yes, your Honor, I think the word which I may put into the record, that we are asking for damages for past, future, present and prospective damages.

"The Court: Will you proceed with your case, Mr. Barrett."

The record shows that the trespass occurs only during the ginning season of each year—a period of approximately six months; that the action was brought in 1953; that defendant's operations commenced in 1951. The parties apparently treated the trespass as permanent because of its recurrent character, rather than as a continuous trespass. The defendant's requested instructions, which were given, gave as the measure of damages that for a permanent trespass, although during the second trial, defendant's counsel argued that future damages were not recoverable.

■ The general rule appears to be that where a trespass

to land is of a permanent nature, all damages, past and prospective, are recoverable in one action, but where the trespass is temporary in character, only those damages may be recovered which have accrued up to the time of the commencement of the action, since it is not to be presumed that the trespass will continue. (24 Cal.Jur., p. 696; *Carbine* v. *Meyer,* 126 Cal.App.2d 386 [272 P.2d 849].) In *Slater* v. *Shell Oil Co.,* 58 Cal.App.2d 864, 870 [137 P.2d 713], an action for ejectment to enforce the removal of defendant's pipe line from the property of plaintiff, and for damages for the use and occupation of the land was involved. The court said: "Though the right to sue for ejectment and damages may be exercised in the same action by reason of section 427, subdivision 2, of the Code of Civil Procedure, they are nevertheless independent and inconsistent causes of action based upon the same invasion of the same right. Where, therefore, a party elects to sue for damages past and prospective he is deemed to have waived the invasion and consented to the continued occupancy of the land. Such is the rule of the majority of the cases. (*Tooker* v. *Missouri P. & L. Co.,* 336 Mo. 592 [80 S.W.2d 691, 101 A.L.R. 365]; *Thompson* v. *Illinois Cent. R.R. Co.,* 191 Iowa 35 [179 N.W. 191]; *Griffin* v. *Jacksonville etc. Ry. Co.,* 33 Fla. 606 [15 So. 338]; 18 Am.Jur. p. 166; *Hussey* v. *Bryant,* 95 Me. 49 [49 A. 56]; *Pinkham* v. *Chelmsford,* 109 Mass. 225; *Hawver* v. *Omaha,* 52 Neb. 734 [73 N.W. 217]; *Oliver* v. *Monona County,* 117 Iowa 43 [90 N.W. 510]; *Barnes* v. *Peck,* 283 Mass. 618 [187 N.E. 176]; and *Great Falls Mfg. Co.* v. *Attorney General,* 124 U.S. 581 [8 S.Ct. 631, 31 L.Ed. 527].)" In *Thompson* v. *Illinois Cent. R.R. Co.,* 191 Iowa 35 [179 N.W. 191], plaintiff recovered and collected a judgment for damages for the market value of his land caused by defendant's construction and maintenance of a railway embankment He sued again for additional damages. It was held that he was bound by his election because, in the first suit, he treated the invasion as a permanent injury to his land, recovered damages based upon a substantial reduction in the market value of his land, and proceeded upon the theory that he should be treated as having cheaper land because the permanent and wrongful construction would injure his land at future times as it had in the past. ■ In *Spaulding* v. *Cameron,* 38 Cal.2d, 265, 267 et seq. [239 P.2d 625], which involved a nuisance, this court said: "The remedy for a continuing nuisance was either a suit for injunctive relief or successive actions for damages

as new injuries occurred. Situations arose, however, where injunctive relief was not appropriate or where successive actions were undesirable either to the plaintiff or the defendant or both. Accordingly, it was recognized, that some types of nuisances should be considered permanent, and in such cases recovery of past and anticipated future damages were allowed in one action. (*Eachus* v. *Los Angeles Consol. Elec. Ry. Co.*, 103 Cal. 614, 622 [37 P. 750, 42 Am.St.Rep. 149]; *Williams* v. *Southern Pac. Co.*, 150 Cal. 624, 626-628 [89 P. 599]; *Rankin* v. *DeBare*, 205 Cal. 639, 641 [271 P. 1050]; see McCormick on Damages, § 127, pp. 504-505.)

"The clearest case of a permanent nuisance or trespass is the one where the offending structure or condition is maintained as a necessary part of the operations of a public utility. Since such conditions are ordinarily of indefinite duration and since the utility by making compensation is entitled to continue them, it is appropriate that only one action should be allowed to recover for all the damages inflicted. It would be unfair to the utility to subject it to successive suits and unfair to the injured party if he were not allowed to recover all of his probable damages at once. (See McCormick, *Damages for Anticipated Injury to Land*, 37 Harv.L.Rev. 574, 584-585.)

"A more difficult problem is presented, however, if the defendant is not privileged to continue the nuisance or trespass but its abatement is impractical or the plaintiff is willing that it continue if he can secure full compensation for both past and anticipated future injuries. To attempt categorically to classify such a nuisance as either permanent or not may lead to serious injustice to one or the other of the parties. Thus, if the plaintiff assumes it is not permanent and sues only for past damages, he may be met with the plea of res judicata in a later action for additional injury if the court then decides the nuisance was permanent in character from its inception. (See *Slater* v. *Shell Oil Co.*, 58 Cal.App.2d 864, 870 [137 P.2d 713].) Similarly, if the initial injury is slight and plaintiff delays suit until he has suffered substantial damage and the court then determines that the nuisance was permanent, the defendant may be able to raise the defense that the statute of limitations ran from the time of the initial injury. (See *Phillips* v. *City of Pasadena*, 27 Cal.2d 104, 107-108 [162 P.2d 625].) On the other hand, if the defendant is willing and able to abate the nuisance, it is unfair to award damages on the theory that

it will continue. (See *Meek* v. *De Latour*, 2 Cal.App. 261, 265 [83 P. 300]; *cf.*, *Collier* v. *Merced Irr. Dist.*, 213 Cal. 554, 566 [2 P.2d 790]; *Colorado P. Co.* v. *Pacific G. & E. Co.*, 218 Cal. 559, 567 [24 P.2d 495].)

"Because of these difficulties it has been recognized that in doubtful cases the plaintiff should have an election to treat the nuisance as either permanent or not. (*Kafka* v. *Bozio*, 191 Cal. 746, 752 [218 P. 753, 29 A.L.R. 833]; see Restatement, Torts, § 930; McCormick on Damages, § 127, p. 511 et seq.; 4 Sutherland on Damages [4th ed.], § 1046, p. 3874.) If the defendant is not privileged to continue the nuisance and is able to abate it, he cannot complain if the plaintiff elects to bring successive actions as damages accrue until abatement takes place. (*Phillips* v. *City of Pasadena*, 27 Cal.2d 104, 107-108 [162 P.2d 625]; *Strong* v. *Sullivan*, 180 Cal. 331, 334-335 [181 P. 59, 4 A.L.R. 343].) On the other hand, if it appears improbable as a practical matter that the nuisance can or will be abated, the plaintiff should not be left to the troublesome remedy of successive actions. (See Restatement, Torts, § 930, comment c; McCormick, *Damages for Anticipated Injury to Land*, 37 Harv.L.Rev. 574, 594-595.)"

In the present case, defendant's ginning mill is lawfully operated in a location properly zoned therefor and need not, or may not (Code Civ. Proc., § 731a), be abated. If plaintiffs are not permitted to sue for all damages, past, present and future, then they must bring successive actions each year at the close of each ginning season with the attendant risk that the court may determine that the trespass occurring the previous year was a permanent one for which plaintiffs had been theretofore adequately compensated.

It appears that here plaintiffs elected to sue for all damages past, present and future and that such damages are recoverable under the rule heretofore set forth (*Spaulding* v. *Cameron, supra*, 38 Cal.2d 265).

 Defendant argues that damages for discomfort and annoyance are erroneously awarded in the absence of personal injury. This argument centers around the heretofore quoted instruction and upon the ground that plaintiffs did not allege such discomfort and annoyance. Plaintiffs' amended complaint shows that the "comfort and enjoyment of the plaintiffs and their family of their said home have been diminished to the extent that they have been unable to live normally and peacefully and follow ordinary pursuits, that the use

of said shop has been seriously curtailed due to the said dust and cotton lint particles and plaintiffs have been deprived of the full value of same.'' It was also alleged that they had suffered severe nervous distress and mental anguish. The pleading would seem to be sufficient to permit damages for discomfort and annoyance if such damages are otherwise proper.

It appears to us that the discomfort and annoyance suffered by plaintiffs is an injury directly and proximately caused by defendant's invasion of their property and that such damages would naturally result from such an invasion. It also appears to us that discomfort and annoyance may be suffered where there is no physical injury suffered. In *Herzog* v. *Grosso*, 41 Cal.2d 219, 225 [259 P.2d 429], the trial court found that plaintiffs were caused to suffer ''nervousness, worry, and mental distress for the safety of themselves and their daughter and others obliged to use said road on account of the dangerous conditions under which said defendant, Paul J. Grosso, forced them . . . to use said parcels . . . in going to and from their said home.'' We said: ''Once a cause of action for trespass or nuisance is established, an occupant of land may recover damages for annoyance and discomfort that would naturally ensue therefrom. (*Anderson* v. *Souza*, 38 Cal.2d 825, 833 [243 P.2d 497]; *Judson* v. *Los Angeles Suburban Gas Co.*, 157 Cal. 168, 172 [106 P. 581, 21 Ann.Cas. 1247, 26 L.R.A.N.S. 183]; *Thompson* v. *Simonds*, 68 Cal.App.2d 151, 162 [155 P.2d 870]; Rest., Torts, § 929(c), com. g.) In *Alonso* v. *Hills*, 95 Cal.App.2d 778 [214 P.2d 50], an action for damages resulting from blasting operations, the court sustained an award for discomfort, fright, and shock caused by a blast that occurred at a time when plaintiff was not at home. The court stated: 'Plaintiff testified that after the February 3 blast (in which a rock destroyed a bench on the property near which one of his daughters was standing) he could not rest or sleep because of fear for his own security and that of his family. This is a form of discomfort for which plaintiff under the circumstances of this case is entitled to recover, as well as for other discomfort not challenged on appeal.' (95 Cal.App.2d at 788.) Similarly, in the present case the suffering caused by fear for the safety of the daughter and visitors was a natural consequence of defendant's conduct and an invasion of a protectible interest of an occupant of real property. The cases relied upon by defendant did not involve an invasion of a protectible interest in real property and are therefore not controlling here.''

Defendant here challenges the applicability of the above quoted cases on the theory that the lack of sleep, fear, and shock suffered by plaintiff there were injuries to the person and that discomfort and annoyance were a part thereof. We do not so construe *Herzog* v. *Grosso*. We specifically held that annoyance and discomfort were *natural consequences of such "an invasion of a protectible interest in real property."*

■ While defendant's trespass here is not of the type to cause fright or shock or even physical illness (as found by the jury), it obviously is of the type to cause plaintiffs much annoyance and discomfort. Plaintiffs' property—lawns, flowers, shrubs, window screens, hedges and furniture are, during the ginning season which lasts for approximately six months of each year, covered with a thick coating of dust and lint and ginning waste. This was specifically found to be a trespass and an injury to the real property. The annoyance and discomfort suffered by plaintiffs as a result of the injury to the real property is a natural consequence thereof.

■ Section 929 of the Restatement of Torts sets forth the rule as follows: "Where a person is entitled to a judgment for harm to land resulting from a past invasion and not amounting to a total destruction in value, the damages include compensation for . . . (c) *discomfort and annoyance,* in an action brought by the occupant." (Emphasis added.) "*Comment on Clause* (c): *g. Discomfort and other bodily and mental harms.* Discomfort and annoyance to an occupant of the land and to the members of his household are distinct grounds of compensation for which in ordinary cases the person in possession is allowed to recover in addition to the harm to his proprietary interests. He is also allowed to recover for his own serious sickness or other substantial bodily harm but is not allowed to recover for such serious harm to other members of the household, except so far as he maintains an action as a husband, parent or child, under the rules stated in §§ 693 and 703, vol. III. The owner of land who is not an occupant is not entitled to recover for such harms except as they may have affected the rental value of his land." This section was relied upon by the court in *Alonso* v. *Hills,* 95 Cal.App.2d 778 [214 P.2d 50], where blasting was involved. The court there, speaking of the case of *Cook* v. *Maier,* 33 Cal.App.2d 581 [92 P.2d 434], said (p. 787): "That case, which involves fright caused by one isolated negligent collision in plaintiff's immediate proximity is not in point here where the distress and fright were caused by repeated

blastings which injured plaintiff's real property and disturbed its comfortable enjoyment both by their immediate impact and by the reasonable fear of future danger. *The recovery for such invasion of his rights in the real property to which the owner-occupant is entitled includes discomfort and annoyance* (Restatement, Torts, § 929(c); *Judson* v. *Los Angeles Suburban Gas Co.*, 157 Cal. 168, 172 [106 P. 581, 21 Ann.Cas. 1247, 26 L.R.A.N.S. 183]; *Dauberman* v. *Grant*, 198 Cal. 586, 590 [246·P. 319, 48 A.L.R. 1244]; *Green* v. *General Petroleum Corp.*, 205 Cal. 328, 337 [270 P. 952, 60 A.L.R. 475].)'' In *Green* v. *General Petroleum Corp.*, 205 Cal. 328, 336, 337 [270 P. 952, 60 A.L.R. 475], an action for damages for trespass because of oil drilling operations was involved. The trial court specifically found that defendants had not been negligent. Plaintiffs were forced to leave their home, and this court said: ''No special damages, such as cost of removal from the premises, loss of rentals of the premises, or cost of renting another home, were alleged or proved. We are not, however, left to speculation as to the basis on which the trial court fixed the amount of the damages allowed for eviction. The law affords redress by giving damages against a wrongdoer for the annoyance and discomforts suffered in such cases as this.'' Apparently no personal injuries were suffered in the Green case. In *Dauberman* v. *Grant*, 198 Cal. 586, 590 [246 P. 319, 48 A.L.R. 1244], an action for damages for nuisance was involved. Defendant there maintained a smokestack on premises adjoining those of the plaintiff; smoke therefrom was emitted to plaintiff's dwelling house. This court said: ''It was not necessary to the recovery of damages caused by the nuisance of smoke and soot to prove actual damage to plaintiff's property. She was entitled to recover for the personal discomfort and annoyance to which she had been subjected and it was a question for the trial court to determine the amount of the compensation which she should receive. (*Judson* v. *Los Angeles Suburban Gas Co.*, *supra*.)'' Apparently physical injury was not involved in the Dauberman case. In *Judson* v. *Los Angeles Suburban Gas Co.*, 157 Cal. 168, 172 [106 P. 581, 21 Ann.Cas. 1247, 26 L.R.A.N.S. 183], an action for damages for operating a nuisance in the form of a gasworks was involved. The court there said (p. 170): ''There is no proof that plaintiff's land has depreciated; that its rental value has been impaired; nor that the health of Mr. Judson or that of any member of his family has been injuriously affected by the operation of defendants'

gasworks. He did assert, however, that the smoke, odor, and noise produced by the manufacture of gas at defendants' works interfered with his comfortable enjoyment of his property. . . .

"In order that a judgment of this character may be upheld, it is not necessary that the health of plaintiff or of members of his household should have been impaired. It is sufficient if the odors, sounds, and smoke were offensive to the senses. (*Meigs* v. *Lister*, 23 N.J.Eq. 201; *Coker* v. *Birge*, 9 Ga. 428 [54 Am.Dec. 347]; *Cleveland* v. *Citizens Gas Light Co.*, 20 N.J.Eq. 206; *Bohan* v. *Port Jervis Gas Light Co.*, 122 N.Y. 23 [25 N.E. 246]; *Hayden* v. *Tucker*, 37 Mo. 221.)" In *Anderson* v. *Souza*, 38 Cal.2d 825 [243 P.2d 497], an action was brought seeking damages for the maintenance of a nuisance through the operation of an airport. In that case this court affirmed an award of damages to certain of the plaintiffs for the annoyance and discomfort caused by defendants' operation of the airport. Defendants contend that the Anderson case is distinguishable on the ground that there plaintiffs testified that they had become hysterical, vomited and suffered impaired health. The court, in affirming the award of damages for discomfort and annoyance, relied upon *Judson* v. *Los Angeles Suburban Gas Co.*, 157 Cal. 168, 172 [106 P. 581, 21 Ann.Cas. 1247, 26 L.R.A.N.S. 183], and *Alonso* v. *Hills*, 95 Cal.App.2d 778, 787-788 [214 P.2d 50]. In the Judson case no impairment of plaintiff's health was involved; in the Alonso case, the court noted that $1,000 in damages was awarded for "plaintiff's distress in body and mind, discomfort and annoyance, fright and shock; . . ."

The California cases appear to draw no distinction between cases involving nuisance and those involving trespass in permitting an award of damages for discomfort and annoyance directly resulting from an injury to real property. There seems to be no sound reason to refuse to award damages for discomfort and annoyance where the only injury is to the real property since it is obvious that such an injury may cause discomfort and annoyance without also causing an actual physical injury to the person.

For the foregoing reasons, the judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., and Spence, J., concurred. Schauer, J., concurred in the judgment.