Larry PEACOCK and Arline Peacock, Plaintiffs and Appellants,

v.

SUNDRE TOWNSHIP, a political subdivision of the State of North Dakota; Leonard Jensen and Edna M. Jensen, his wife; and Robert Bartsch and Linda Bartsch, his wife, Defendants and Appellees.

Civ. No. 10890.

Supreme Court of North Dakota.

Aug. 15, 1985.

Bosard, McCutcheon &. Rau, Minot, for plaintiffs and appellants; argued by Gary H. Lee, Minot.

Pringle & Herigstad, Minot, for defendant and appellee Sundre Tp., argued by Mitchell Mahoney, Minot.

Eaton, Van de Streek & Ward, Minot, for defendants and appellees Leonard Jensen and Edna M. Jensen; argued by Nevin Van de Streek, Minot.

Kenner, Halvorson & Sturdevant, Minot, for defendants and appellees Robert Bartsch and Linda Bartsch; argued by Michael G. Sturdevant, Minot.

LEVINE, Justice.

Larry and Arline Peacock appeal from summary judgment granted in favor of Sundre Township, Leonard and Edna Jensen, and Robert and Linda Bartsch. We affirm.

The Jensens, Bartsches and Sundre Township owned property uphill and adjacent to the Peacocks' property. In 1977 the Peacocks initiated a suit alleging that the Jensens, Bartsches and Sundre Township had developed their respective properties in a manner that unreasonably altered the natural drainage of surface water thereby causing flooding on the Peacocks' land. The Peacocks sought "actual" and "continuing" damages as well as injunctive relief. The suit was settled for $5,500 and by stipulation dismissed with prejudice.

In 1983, the Peacocks brought the present action against the Jensens, Bartsches and Sundre Township alleging in four counts that the defendants had continued to improve and maintain their respective properties so as to cause further flooding on the Peacocks' land. A fifth count asserted that the Bartsches had intentionally pumped water onto the Peacocks' property. The Peacocks requested actual and punitive damages and injunctive relief.

The trial court, by summary judgment, dismissed with prejudice the first four counts on the ground that they were barred by res judicata. The fifth count was severed by the trial court for separate proceedings. Partial judgment was entered pursuant to North Dakota Rule of Civil Procedure 54(b) and the Peacocks appealed.

The question on appeal is whether the trial court erred in dismissing the second lawsuit on the ground of res judicata.

Res judicata means that a valid, existing final judgment from a court of competent jurisdiction is conclusive, with regard to the issues raised, or those that could have been raised, and determined therein, as to the parties and their privies in all other actions. *Oakes Municipal Airport Auth. v. Wiese*, 265 N.W.2d 697 (N.D. 1978); *Perdue v. Knudson*, 179 N.W.2d 416 (N.D.1970); *Robertson Lbr. Co. v. Progressive Contractors, Inc.*, 160 N.W.2d 61 (N.D.1968); appeal dismissed sub. nom., *Continental Cas. Co. v. Robertson Lbr. Co.*, 394 U.S. 714, 89 S.Ct. 1451, 22 L.Ed.2d 671 (1969). In applying res judicata, no distinction is made between judgments entered after stipulation by the parties and judgments entered after trial. *Morris v. Richland Cty. Bd. of Drain Com'rs*, 313 N.W.2d 763 (N.D.1981); *Rugby Milling Co. v. Logosz*, 261 N.W.2d 662 (N.D.1977).

The Peacocks argue that res judicata should not bar their present suit because it

is one for damage caused by new trespasses occurring after the 1977 settlement and consequently is for trespasses separate and distinct from those alleged in the earlier action. Each trespass gives rise to a new cause of action and these actions may be brought indefinitely until the flooding ceases.

■ The Peacocks accurately describe the general rule that recurring trespasses give rise to repeated actions to recover for successive damage. *See, Rynestad v. Clemetson*, 133 N.W.2d 559 (N.D.1965); *Annot.*, 5 A.L.R.3d 302 (1969); Dobbs, Remedies, § 5.4 (1973). However, the general rule is not controlling when a party elects to treat its damages as permanent rather than temporary and recurring. *Catello v. Chicago, B. & Q.R. Co.*, 298 Ill. 248, 131 N.E. 591 (1921); *Fort v. Bietsch*, 85 Colo. 176, 274 P. 812 (1929).

■ The Peacocks' 1977 pleadings requested both actual and continuing damages. The reasonable interpretation of this demand for "actual" damages is that the Peacocks sought compensation for damage incurred to the date of their complaint. Their request for "continuing" damages was one for prospective damage to their land due to future flooding. They therefore elected to seek a single recovery for all past and future damage rather than to bring repeated actions in the future each time their land was flooded, each action seeking compensation for each distinct act of flooding.

■ When such an election is made, all damages for past and future injury to the property may be aggregated and recovered at once, and one such recovery is a bar to all subsequent actions for damages. *Catello, supra; see also, Bietsch, supra; Thompson v. Illinois Cent. R. Co.*, 191 Iowa 35, 179 N.W. 191 (1920); *Hubbard v. Spring River Power Co.*, 89 Kan. 446, 131 P. 1182 (1913); *Dugan v. Long*, 234 Ky. 511, 28 S.W.2d 765 (1930); *Bradley v. Texaco, Inc.*, 7 N.C.App. 300, 172 S.E.2d 87 (1970); *Payne v. Bevel*, 99 Okl. 106, 225 P. 691 (1923); *Vanderslice v. Irondale Electric Light, Heat & Power Co.*, 232 Pa. 435, 81 A. 445 (1911); *City of Lubbock v. Tice*, 517 S.W.2d 428 (Tex.Civ.App.1974); *See, generally, Annot.*, 5 A.L.R.2d 302 § 18 (1949); Restatement (Second) of Torts § 930 (1977). Consequently, the 1977 judgment compensated the Peacocks for all past, present and prospective damage attributable to the diversion of surface water onto their land, and therefore is res judicata to the present suit. When a judgment of dismissal is agreed upon, the parties must see to it that claims disclosed by the pleadings yet intended to be left open and undecided, are excluded from the judgment's binding effect.

We have considered all other points raised by the Peacocks and find them unnecessary for our holding.

■ Because the question of the applicability of res judicata is one of law, *DePratt v. West Bend Mut. Ins. Co.*, 113 Wis.2d 306, 334 N.W.2d 883 (1983); *Lundburg v. Stinson*, 695 P.2d 328 (Hawaii App.1985), we conclude that the trial court did not err in granting summary judgment.

Accordingly, the judgment of the trial court is affirmed.

ERICKSTAD, C.J., VANDE WALLE and GIERKE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of MESCHKE, J., disqualified.