Glenda BRUNETTE, Plaintiff—Appellant,

v.

HUMANE SOCIETY OF VENTURA COUNTY, a non-profit corporation; the Ojai Publishing Company, Inc., d/b/a the Ojai Valley News, a corpora-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tion; Tim Dewar; Jolene Hoffman; Robert Jeffrey Hoffman; Shawna Boatman; Tim Cozatt, Defendants—Appellees.

No. 00–56730.

D.C. No. CV–96–04557–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2002.

Decided June 28, 2002.

Before TROTT, THOMAS and WARDLAW, Circuit Judges.

MEMORANDUM *

Glenda Brunette ("Brunette") appeals the district court's dismissal of her com-

plaint against Tim Dewar and the Ojai Valley News ("collectively "the Media"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal of a complaint for failure to state a claim. *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir.1999). All factual allegations in the complaint must be accepted as true, and all reasonable inferences drawn in favor of Brunette. *Id.*

We hold that Brunette has alleged facts sufficient to state claims for trespass and invasion of privacy, and we reverse and remand those causes of action. We affirm the district court's dismissal of Brunette's other causes of action.[1]

## DISCUSSION

### I Trespass

Under California law, the Media is subject to trespass liability, irrespective of whether it caused harm, if it intentionally entered land in possession of another. *Miller v. Nat'l Broad. Co.,* 187 Cal.App.3d 1463, 232 Cal.Rptr. 668, 677 (Cal.Ct.App. 1986). The First Amendment is not a license to trespass. *See Shulman v. Group W Prods. Inc.,* 18 Cal.4th 200, 74 Cal.Rptr.2d 843, 955 P.2d 469, 496 (Cal. 1998). However, a peaceable entry onto land with the consent of a person in lawful possession or control of the property is not actionable. *See* 5 Witkin, Summary of California Law § 607 (9th ed.1988).

The Media claims the invitation and consent of the Humane Society absolved its entry onto Brunette's ranch of the taint of trespass. However, the Humane Society entered Brunette's ranch pursuant to an

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. In a separate, published opinion filed simultaneously with this memorandum, we recount the facts of Brunette's case in some detail. There, we affirm the district court's dismissal of Brunette's § 1983 claim against the Media for violation of her Fourth Amendment rights because she did not allege facts sufficient to demonstrate the Media was a state actor.

invalid search warrant and thus, never gained lawful control of the premises. It appears the Humane Society had no authority to enter the property itself, much less grant lawful entry to the Media.

Brunette alleged that the Media's presence was neither authorized by the warrant nor necessary to the Humane Society's investigation. Even if the Humane Society's presence was permissible, the Media performed no law enforcement related activity during the search. In fact, Brunette alleged that the Media's presence was superfluous, as the Humane Society photographed and videotaped the scene independently. If proven, Brunette's allegations may demonstrate that the Media's entry onto her ranch constituted a trespass. Consequently, we reverse and remand the district court's dismissal of this cause of action.

## II  Invasion of Privacy

■ Brunette alleged a sufficient privacy interest in her home and property as well as a reasonable expectation of privacy in those items. Nevertheless, the district court determined that the Media committed no serious or offensive invasion of privacy because it entered Brunette's ranch legally, upon receiving consent from the Humane Society. As discussed above, Brunette alleged that the Media, in fact, entered her ranch illegally. Any illegal entry would be sufficiently serious and offensive to state a claim for invasion of privacy. See Dietemann v. Time, Inc., 449 F.2d 245, 247–49 (9th Cir.1971) (applying California law) (finding invasion of privacy where reporter entered and photographed the plaintiff at home without authorization). Thus, we reverse and remand the district court's dismissal of this cause of action.

## III  Conspiracy

■ Finding no underlying trespass or invasion of privacy, the district court dismissed Brunette's conspiracy claim. In the alternative, the district court dismissed this claim because Brunette failed to allege with particularity any behavior in furtherance of a conspiracy. We agree with the district court's alternative rationale. Brunette did not sufficiently allege any particular actions by the Humane Society or the Media in furtherance of a conspiracy to violate her rights. Instead the record reflects that the Humane Society unilaterally invited the Media to accompany its search of Brunette's ranch, and that the Humane Society and the Media never discussed how the search would be performed. There was no agreement to violate Brunette's rights; thus her conspiracy cause of action fails.

## IV  Conversion

■ The district court dismissed Brunette's claim that the Media converted images of her property through photography. Although a claim of conversion may exist even if the allegedly converted property is intangible, see A & M Records, Inc. v. Heilman, 75 Cal.App.3d 554, 142 Cal.Rptr. 390, 400 (Cal.Ct.App.1977), not all intangible property is the proper subject of conversion. Courts have traditionally refused to recognize conversion of intangible assets that are not merged with something tangible. See Thrifty–Tel, Inc. v. Bezenek, 46 Cal.App.4th 1559, 54 Cal.Rptr.2d 468, 472 (Cal.Ct.App.1996).

A photographic image is not generally an intangible property right protected by a conversion claim, see Ault v. Hustler Magazine, Inc., 860 F.2d 877, 883 (9th Cir. 1988), and Brunette points to no California case in which a photographic image was the subject of a conversion. The district court properly dismissed this claim.

## V   Infliction of Emotional Distress

██   Brunette alleged that she suffered emotional distress due to the Media's trespass on her ranch.  As a part of Brunette's trespass action, she may recover damages for "discomfort and annoyance that would naturally ensue therefrom." *Kornoff v. Kingsburg Cotton Oil Co.*, 45 Cal.2d 265, 288 P.2d 507, 511 (Cal.1955) (internal citations and quotations omitted). She may not, however, seek duplicative recovery under the guise of an action for emotional distress.  *Billmeyer v. Plaza Bank of Commerce*, 42 Cal.App.4th 1086, 50 Cal.Rptr.2d 119, 126 (Cal.Ct.App.1995) (finding no authority that a trespass gives rise to an action for emotional distress). Brunette also alleged infliction of emotional distress stemming from the Media's publication of the photographs taken during the search.  Although emotional distress may be considered as damage in a properly stated defamation action, it cannot form the basis of an independent infliction of emotion distress action on the same facts.  *See Grimes v. Carter*, 241 Cal. App.2d 694, 50 Cal.Rptr. 808, 813 (Cal.Ct. App.1966).  Therefore, the district court properly dismissed these claims.

## VI   Declaratory Relief

██   The district court denied Brunette's request for declaratory relief.  Declaratory relief is appropriate when (1) the judgment will serve a useful purpose in clarifying and settling legal relations; and (2) when it will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding.  *Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir.1984).  The district court's decision to deny declaratory relief is reviewed for an abuse of discretion.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).  In this case, declaratory relief served no purpose beyond the remedies Brunette sought on her claims at law.  Therefore, the district court properly denied Brunette's request for declaratory relief.

## VII   Injunction

██   Finally, Brunette sought an injunction restraining the Media from further publication of the images taken during the objectionable search.  In essence, Brunette asked us to impose a prior restraint—a heavily disfavored remedy.  *See CBS, Inc. v. Davis*, 510 U.S. 1315, 1317, 114 S.Ct. 912, 127 L.Ed.2d 358 (1994). Because post-publication remedies will adequately compensate Brunette for any injury, *see id.*, the district court properly denied Brunette's request for injunctive relief.

## VIII   Statute of Limitation

The district court found that Brunette alleged facts in her complaint which sufficed to toll the statute of limitations for one day.  Cal.Civ.Proc.Code § 357.  The Media takes no appeal from this decision.

### CONCLUSION

We reverse and remand Brunette's claims for trespass and invasion of privacy. The district court properly decided all other issues.

AFFIRMED in part, REVERSED in part, and REMANDED.